LEONARD HARRIS et al., Respondents, v PROCESSED WOOD, INC., et al., Appellants.

Fourth Department, October 29, 1982

APPEARANCES OF COUNSEL

*Sugarman, Wallace, Manheim & Schoenwald (Donald L. Schoenwald* of counsel), for appellants.

*Mackenzie, Smith, Lewis, Michell & Hughes (Charlene E. McGraw* of counsel), for respondents.

OPINION OF THE COURT

BOOMER, J.

In this action for injuries received in an automobile accident, defendants appeal from an order of Special Term denying a protective order and compelling disclosure of a statement made over the telephone by an employee of the defendant corporation to an adjuster acting for the corporation's liability insurance carrier. We hold that the statement is not subject to disclosure and we reverse the order of Special Term.

Defendants assert that the statement made to the insurance adjuster was prepared exclusively for litigation and, pursuant to CPLR 3101 (subd [d], par 2),[1] it is exempt from discovery. Plaintiffs, citing *Pataki v Kiseda* (80 AD2d 100,

---

1. CPLR 3101 (subd [d], par 2) protects from discovery "any writing or anything

103, mot for lv to app dsmd 54 NY2d 831), reply that CPLR 3101 (subd [g])[2] added in 1980 changed the law and now "[a]ll accident reports, whether or not prepared exclusively in preparation for litigation, are discoverable."

In *Pataki v Kiseda* (*supra,* p 103) the Appellate Division, Second Department, noted the "inherent contradiction" created by the enactment of subdivision (g). Paragraph 2 of subdivision (d) protects from disclosure any material created exclusively in preparation for litigation, yet subdivision (g) requires disclosure of any accident reports prepared in the regular course of business operations without any express exception for reports prepared exclusively for litigation. The *Pataki* court reasoned that since subdivision (g) spoke specifically of accident reports and subdivision (d) dealt broadly with any writings, the specific provision of subdivision (g) should control. It concluded that "the paramount intention of the Legislature was to render *all* accident reports not falling within [the criminal investigation] exception discoverable." (*Pataki v Kiseda, supra,* pp 103-104.)

"Unenlightened by any legislative history", reasonable persons may disagree, and indeed erudite scholars have disagreed, over the construction of subdivision (g). Professor Joseph M. McLaughlin has expressed the view that subdivision (g) "merely codified the case law, i.e., if an accident report was prepared in the regular course of business, it was discoverable, even though it might help in preparation for litigation; if the report was prepared exclusively for litigation, then it was not prepared in the regular course of business and could not be reached." (McLaughlin, New York Trial Practice, NYLJ, July 10, 1981, p 1, col 1; p 2, col 2; accord 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.59.) On the other hand, Professor David Siegel, quoted in the *Pataki* opinion (80 AD2d 100, 104, *supra*),

---

created by or for a party or his agent in preparation for litigation."

2. CPLR 3101 (subd [g]) reads: "Except as is otherwise provided by law, in addition to any other matter which may be made subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity, unless prepared by a police or peace officer for a criminal investigation or prosecution and disclosure would interfere with a criminal investigation or prosecution."

wrote, "[s]ince there is nothing in subdivision (g) to immunize the report even if made solely for litigation, the fact that it had that sole motive * * * would still not insulate it, and disclosed it would have to be." (Siegel, Supplementary Practice Commentaries [1980], McKinney's Cons Laws of NY, Book 7B, 1981-1982 Pocket Part, CPLR C3101:33, p 9.)

No longer need we infer the intention of the Legislature in enacting subdivision (g), for after the decision in the *Pataki* case the legislative history of that subdivision was published. That history conclusively shows the Legislature intended to codify existing law. In a memorandum submitted to the Legislature with the proposed legislation, the sponsor of the bill stated: "The courts have generally permitted the discovery of accident reports or investigation statements that result from the regular internal operation of an enterprise, authority or business, because such documents generally are not prepared exclusively for litigation, although ultimately they may be utilized for purposes of negotiation or litigating personal injury or property damage claims resulting from accidents. *This bill accurately codifies existing decisional law.*" (NY Legis Ann, 1980, p 131; emphasis added.) For a full recitation of the legislative history of subdivision (g), see *Masters v Hassenpflug* (110 Misc 2d 998) and *Ellis v County of Broome* (112 Misc 2d 19). In view of this legislative history, we decline to follow *Pataki v Kiseda* (*supra*).

Clearly the decisional law that existed when subdivision (g) was proposed, exempted from disclosure reports prepared exclusively for litigation. Thus, an insured's accident report to an insurer, as distinguished from internal accident reports, have been held immune from disclosure (*Kandel v Tocher,* 22 AD2d 513; *Finegold v Lewis,* 22 AD2d 447; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.59).

Here the statement sought to be discovered was made directly to the defendants' insurance carrier and there is no indication that it was to be used for any purpose other than for the defense and settlement of claims made against the insured. It is not subject to disclosure for it falls within subdivision (d) as material prepared exclusively for litiga-

tion, and it is not a report under subdivision (g) "prepared in the regular course of business operations or practices" of the defendant corporation.

The recent case of this court in *Andrews v Regional Tr. Serv.* (88 AD2d 784) is distinguishable. There the statement was made not to the defendant's insurer, but to the defendant's safety officer and may have served a purpose other than preparation for litigation.

Accordingly, the order of Special Term should be reversed and the defendants' motion for a protective order should be granted.

SIMONS, J. P., HANCOCK, JR., DOERR and SCHNEPP, JJ., concur.

Order unanimously reversed, without costs, and defendants' motion for protective order granted.