OPINION OF THE COURT
Charles W. Rogers, J.
Plaintiff pursuant to CPLR article 31 made five discovery demands, two of which the court will endeavor to address. They are as follows:
2. The names and addresses of any witnesses to the incident involved in the lawsuit, of the conditions or circumstances giving rise to or surrounding this incident, or the damages arising therefrom.
3. Any and all reports, including, but not limited to, accident reports prepared by the officers, agents, or employees of the defendant or any officers, agents, or employees of the defendant’s insurance carrier, about the incident involving this lawsuit, or the conditions or circumstances giving rise to, or surrounding this incident, or the damages arising therefrom.
*285 Defendant moved for a protective order pursuant to CPLR 3101 vacating the above demands.
Defendant’s decedent was killed in an automobile accident. The decedent (operator) may have suffered a heart attack just prior to the collision with the b uilding where plaintiff resided. The claim that the decedent was unconscious or dead when the collision occurred is raised as a defense.
Defendant feels that the case law limits the discoverability of so-called “notice” witnesses to eyewitnesses and persons with knowledge of a relevant defect in personal or real property. Witnesses with knowledge of decedent’s, health are said to be beyond the scope of permissible discovery. Also, defendant feels that accident reports prepared by defendant’s insurer are not discoverable.
The court agrees that decedent’s insurance carrier’s reports are not discoverable. The Appellate Division Departments are not in accord on this issue but the Fourth Department has spoken unequivocably. Harris v Processed Wood (89 AD2d 220) characterized accident reports made by insurance carriers as reports prepared exclusively for litigation. Such material is exempt from disclosure by virtue of CPLR 3101 (subd [d]).
However, the court disagrees with defendant’s position regarding the disclosure of the names of persons who may have knowledge of decedent’s heart condition. Those names should be provided to the plaintiff. There is no strong policy reason to restrict discovery to eyewitnesses and persons with knowledge of relevant mechanical defects or defects in property. Quite the contrary, the wiser policy is to disclose the names of all: “If liability occurred all at once, such as in an accident, the witnesses included are not only those who beheld the occurrence, but also those who can * * * help account for the occurrence. It embraces, for example, not just a bystander who saw the crash, but anyone * * * who can show whether the driver * * * was drunk or sober, such as a bartender or companion * * * There is no satisfactory ground for distinguishing between a witness to the accident itself and one who can reflect on some cause of it.” (Siegel, NY Prac, § 349, p 432; see Zayas v Morales, 45 AD2d 610.)
*286 The question which is before the court is really one of proximate cause. The defendant believes that a heart attack caused the accident. The defendant will presumably offer testimony by persons familiar with the decedent’s heart problems. If such witnesses are to be presented, the plaintiff is entitled to their names. The request has the same rationale as a demand for disclosure of the names of witnesses who could testify to a party’s intoxication just prior to an accident.
Plaintiff is reminded, however, that the request is confined to “notice” witnesses. The focus of the request is decedent’s health, which is usually in the realm of experts. Plaintiff may not discover the names of expert witnesses engaged solely for trial preparation. However, if a physician or other health professional in the normal practice of his/her profession became aware of the alleged heart disease which afflicted the decedent at a time close to the happening of the accident, he/she would be an appropriate target of disclosure. Any lay person with firsthand knowledge of decedent’s heart-related problems (existing near the time of the accident, of course) would also be a discoverable witness. If such witnesses exist, defendant is ordered to disclose their names to plaintiff. If defendant has incurred any costs in connection with an investigation to discover the witnesses’ names which are to be disclosed, those costs should be fairly apportioned between defendant and plaintiff.