Mahmoud **FUSTOK**, Plaintiff,

v.

**CONTICOMMODITY SERVICES, INC.,** Conticapital Management, Inc., Continental Grain Company, Walter M. Goldschmidt, Norton Waltuch, Tom Waldeck and Ivan Auer, Defendants.

No. 82 Civ. 1538 (MEL).

United States District Court,
S.D. New York.

July 25, 1985.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for plaintiff; Eliot Lauer, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Conti-Commodity Services Inc., Norton Waltuch, Tom Waldeck and Ivan Auer; Cameron Clark, Richard A. Rosen, Eric M. Freedman, Douglas G. Morris, New York City, of counsel.

LASKER, District Judge.

The defendants move to set aside the determination of Honorable Nina Gershon, Magistrate of this court, requiring production of a report by consulting public accountants prepared at the request of defendants' counsel. The defendants argue that the report was prepared in anticipation of litigation within the meaning of Federal Rule of Civil Procedure 26(b)(3) and (4) and that the plaintiff has not demonstrated either a particularized need for the discovery of the report or "exceptional circumstances" (Rule 26(b)(4)) justifying its discovery.

Recognizing that under 28 U.S.C. § 636(b)(1)(A) the Magistrate's order is not reversible except upon a showing "that the Magistrate's order is clearly erroneous or contrary to law," the defendants state that they are aware that "the court is ordinarily inclined to defer to the rulings of Magistrates" but respectfully urge that the court "satisfy itself that the recommended actions are fair and proper...." *United States v. Frans*, 697 F.2d 188, 191–92 n. 3 (7th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983).

Alerted by the sober tone of the request, we have fully reviewed the voluminous documentation submitted in support of the motion. In particular we paid close attention to the transcript of the lengthy argument before Magistrate Gershon at the conclusion of which she lucidly and in detail articulated the reasons for her decisions. We conclude that her rulings that the defend-ants had not met their burden of establishing that the reports were prepared in contemplation of litigation within the meaning of Rule 26 and that, in any event, the defendants had demonstrated the requisite need for the report were not clearly erroneous.

The defendants argue that the Magistrate's ruling as to whether the report was prepared in contemplation of litigation was erroneous because, according to them, she imposed upon Rule 26 a condition not required by the Rule: that the defendants must demonstrate that the particular litigation anticipated was the basis for the particular information requested. I conclude that this is a mischaracterization of the Magistrate's ruling. The defendants argue here, and argued before the Magistrate, that the report was prepared in anticipation of litigation because it was to be expected that in light of the crash of the silver market, the CFTC investigation of that crash, and the prior initiation of such litigation as *Strax v. Commodity Exchange, Inc.,* 79 Civ. 6336 (S.D.N.Y.1979), the defendants would inevitably be involved in some litigation. In response to this contention, the Magistrate held:

> [T]he burden was on the defendants to establish the existence of the privilege. In my view, they have not met that burden because they have not established that this report was prepared in anticipation of litigation within the meaning of Rule 26.... The mere fact that a lawyer could expect that there might be litigation because the silver market is falling, doesn't mean that everything done after that point is protected by the work product privilege. (April 2, 1985 Hearing, App. 29, Tr. 45).

The Magistrate's holding is in accordance with the law as articulated by various judges of this court, and indeed by the decision on which the defendants themselves seem to rely most heavily, *Stix Products, Inc. v. United Merchants & Mfrs., Inc.,* 47 F.R.D. 334, 337 (S.D.N.Y. 1969). Judge Herlands there observed that:

The work-product privilege is not, as [defendant] suggests, limited to documents prepared by a party in the course of actual litigation with the party seeking discovery of the document. The Supreme Court recognized that there is no requirement that the documents be prepared after litigation is under way. In *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the Court stated that the privilege extends to those documents prepared 'with an eye toward litigation.' 329 U.S. at 511, 67 S.Ct. 385. If the prospect of litigation is identifiable because of specific claims that have already arisen, the fact that, at the time the document is prepared, litigation is still a contingency has not been held to render the privilege inapplicable. (citations omitted)

The parties have cited various holdings of Judges Carter, Haight and Sweet which, in my view, are fully in accord with Judge Herlands' sound analysis. I read Magistrate Gershon's ruling against the defendants to mean no more than that, at the time the report was commissioned or prepared the prospect of litigation was not "identifiable" because "specific claims [had not] already arisen."

There remains the question whether the plaintiff established particularized need or exceptional circumstances justifying the discovery of the report. I concluded that he did. Without question the report appears to be the most complete analysis of the accounts to which it relates. The defendants argue that, even so, the report should not be discovered because the defendants have furnished the plaintiff with all of the material underlying the report. The short answer to this argument is that the discovery of the underlying material is, at the very least, less intelligible and complete than the report, and that that gap cannot be remedied by the testimony of witnesses, because persons who assisted in the preparation of the report are not available as witnesses to illuminate and analyze the underlying material.

For the reasons stated, and because I conclude that the rulings of the Magistrate are not clearly erroneous within the meaning of 28 U.S.C. § 636(b)(1)(A), the motion to set aside the Magistrate's determination is denied.

It is so ordered.