■ ADRIANA MIRANDA, Appellant, v BLAIR TOOL & MACHINE CORP., Defendant and Third-Party Plaintiff. OSROW PRODUCTS, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County (Levine, J.), dated September 12, 1984, which granted third-party defendant Osrow Products, Inc.'s motion for a protective order and denied, as moot, plaintiff's cross motion for an order compelling disclosure.

Order reversed, with costs, motion for a protective order denied, cross motion to compel disclosure granted, and respondent's time to comply with plaintiff's notice for discovery and inspection is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

Plaintiff, an employee of respondent Osrow Products, Inc. (hereinafter Osrow), seeks to recover damages for personal injuries allegedly sustained while operating a shredding machine owned by Osrow and manufactured by defendant Blair Tool & Machine Corp. She commenced this action against Blair and Blair commenced a third-party action against Osrow. The accident was witnessed by plaintiff's supervisor, who subsequently made an oral statement concerning the accident to a group consisting of the president of Osrow, the president of Blair and an unidentified lawyer who may have been employed by a private investigation firm. The statement was recorded and a written transcript was subsequently made. The

supervisor was unable to read parts of the transcript because he had difficulty in reading English, and Osrow indicated in a letter to the investigator that it contained certain "discrepancies" due to the supervisor's alleged inability to understand all the questions. Plaintiff sought disclosure of this transcript as an accident report and Osrow moved for a protective order, contending that it was not discoverable because it was inaccurate and was in any event exempt because it was made in preparation for litigation. Special Term granted Osrow's motion for a protective order and denied as moot plaintiff's cross motion to compel disclosure. There must be a reversal.

CPLR 3101 (g) provides for the disclosure of "any written report of an accident prepared in the regular course of business", other than a report in a criminal investigation. CPLR 3101 (d) conditionally exempts from disclosure anything prepared for purposes of litigation. Taken together, the effect of the two subdivisions is to authorize disclosure of an accident report made in the regular course of business even if it is made solely for purposes of litigation *(Pataki v Kiseda,* 80 AD2d 100, *lv dismissed* 54 NY2d 831; *Matos v Akram & Jamal Meat Corp.,* 99 AD2d 527; *Viruet v City of New York,* 97 AD2d 435). It is only when an accident report has not been made in the regular course of business that it may be conditionally exempt if it is made solely for purposes of litigation *(see, e.g., Matter of Goldstein v New York Daily News,* 106 AD2d 323, 324). Moreover, the burden of proving that an accident report is exempt because it was not prepared in the regular course of business and that it was made solely for purposes of litigation is on the party seeking to prevent disclosure *(Matos v Akram & Jamal Meat Corp., supra,* at p 528; *Viruet v City of New York, supra,* at p 436).

In the instant case, the record contains no proof that the supervisor's oral statement, which was reduced to writing, was not made in the regular course of Osrow's business and was made solely for purposes of litigation. The conclusory statement to this effect contained in an attorney's affirmation was not based on personal knowledge and does not suffice to meet Osrow's burden of proof that the transcript is exempt from disclosure *(Matos v Akram & Jamal Meat Corp., supra; Viruet v City of New York, supra).*

Nor is the claim that the transcript may contain certain inaccuracies or inconsistencies sufficient reason to prevent disclosure. Disclosure is not limited to material which may be admissible as evidence-in-chief, and is thus not governed by normal evidentiary rules *(see,* Siegel, NY Prac § 344, at 421-

422). Rather, without an exemption or some valid reason for nondisclosure, a party is entitled to disclosure of all information "bearing on the controversy which will assist preparation for trial" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; *see,* Siegel, NY Prac § 344). Here, although inaccuracies and inconsistencies may limit the usefulness of the transcript, it may reasonably be expected to aid counsel in investigating the accident and preparing for cross-examination of the supervisor. As such, it is discoverable. Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.