J. Harvey SNYDER, Louise
B. Snyder, Plaintiffs,

v.

Walter W. WINTER, M. Ludwig
and Sons, Ltd., Defendants.

Walter W. WINTER, M. Ludwig and
Sons, Ltd., Counter–Claimants,

v.

J. Harvey SNYDER, Louise B. Snyder,
Counter–Defendants.

No. 93–CV–239S.

United States District Court,
W.D. New York.

May 20, 1994.

Lance Mark, Medina, NY and Dale A. Ehman, Buffalo, NY, for plaintiffs.

Charles DiPasquale, Buffalo, NY, for defendants.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

Plaintiffs have moved to compel any and all accident reports prepared by defendants in the regular course of business or employment. Defendants oppose this motion on the ground that any such reports were prepared for their insurance carrier solely in anticipation of litigation.

Upon review of the affidavits and the caselaw contained in letter briefs submitted by the parties, and after hearing oral argument on the motion to compel, this court ordered defendants to submit any and all such accident reports identified in the motion papers, along with affidavits attesting to the circumstances under which those reports were made, for *in camera* review by the court. Defendants have provided a copy of the re-

port which they submitted to their insurance company regarding the accident at issue in this case. The report was prepared on September 25, 1991, the same day as the accident, and signed by Michael Ludwig of defendant M. Ludwig & Sons, Ltd., and by defendant Walter Winter, the driver of defendant's vehicle. Defendants have also filed Mr. Ludwig's affidavit regarding the circumstances under which the accident report was prepared (Item 22).

The court has completed its review of these documents. For the reasons that follow, plaintiffs' motion to compel is granted.

■ Under both New York law and the Federal Rules of Civil Procedure, material prepared by non-attorneys in anticipation of litigation, such as an accident report, is immune from discovery only where the material is prepared exclusively and in specific response to imminent litigation. The mere contingency that litigation may result does not give rise to the immunity. *See, e.g., Willis v. Westin Hotel Company,* No. 85 Civ. 2056 (CBM), 1987 WL 6155, *1 (S.D.N.Y. 1987); *Fustok v. Conticommodity Services,* 106 F.R.D. 590, 592 (S.D.N.Y.1985); *Calkins v. Perry,* 168 A.D.2d 999, 564 N.Y.S.2d 943 (4th Dept.1990); *see also* Fed.R.Civ.P. 26(b)(3); N.Y.C.P.L.R. §§ 3101(d)(2), 3101(g).

■ As defendants point out, New York courts interpreting the CPLR's disclosure provisions have made a distinction between accident reports made by an insured to its insurer and those made internally "in the regular course of business." *See, e.g., Harris v. Processed Wood, Inc.,* 89 A.D.2d 220, 455 N.Y.S.2d 411 (4th Dept.1982). Accident reports made directly to an insurer have generally been regarded as material prepared exclusively for litigation, subject to conditional disclosure. *Id.,* 89 A.D.2d at 221–22, 455 N.Y.S.2d 411. However, accident reports to the insurer are fully discoverable if they were prepared at least partially for a business purpose other than preparation for litigation. *Calkins v. Perry, supra; Vandenburgh v. Columbia Memorial Hospital,* 91 A.D.2d 710, 457 N.Y.S.2d 591 (3rd. Dept. 1982).

In fact, in *Vandenburgh* the Third Department "decline[d] to employ the distinctions between accident reports prepared by an insured for its liability insurance carrier under compulsion of insurance policy clauses, and accident reports prepared in the ordinary course of business operations or practices." 91 A.D.2d at 711, 457 N.Y.S.2d 591. This holding was based at least in part on the non-disclosing party's failure to demonstrate that the report was prepared exclusively for litigation and was not "multi-motived" or made in the regular course of business.

In *Miranda v. Blair Tool & Machine Corp.,* 114 A.D.2d 941, 495 N.Y.S.2d 208 (2nd Dept.1985), the Second Department found that CPLR's disclosure rules "authorize disclosure of an accident report made in the regular course of business even if it is made solely for purposes of litigation. It is only when an accident report has not been made in the regular course of business that it may be conditionally exempt if it is made solely for purposes of litigation." 114 A.D.2d at 942, 495 N.Y.S.2d 208.

■ In *525 Fulton Street Holding Corp. v. Mission National Insurance Company of California,* No. 83 Civ. 8229, 1984 WL 591 (S.D.N.Y.1984), the district court held that an investigative report prepared at the request of an insurance company was discoverable because the party seeking immunity had failed to show that the "primary motivating purpose" behind the report was to aid the insurance company in litigation. *Id.* at *4; see also Janicker v. George Washington University,* 94 F.R.D. 648, 650 (D.D.C.1982). According to the court, the insurance company's routine investigation of the claim is not sufficient to immunize the report prepared in the ordinary course of the insurance company's business. The court stated:

Unlike other businesses, "the evaluation of claims of its policyholders is the regular, ordinary and principal business of [an] insurance company." Accordingly, "it can hardly be said that the evaluation of a routine claim for a policyholder is undertaken in anticipation of litigation, even though litigation often does result from denial of a claim."

*Id.* at *3 (quoting *Atlanta Coca–Cola Bottling Co. v. Transamerican Ins. Co.,* 61 F.R.D. 115, 118 (N.D.Ga.1972)); *see also Fine v. Bellefonte Underwriters Ins. Co.,* 91 F.R.D. 420, 422 (S.D.N.Y.1981).

 This reasoning is no less persuasive here, in a direct action by the injured party against the alleged tortfeasors. The accident report at issue was prepared on September 25, 1991, the very day of the accident and approximately 18 months prior to the commencement of this lawsuit. It was prepared by Michael Ludwig, the Manager, Driver Supervisor and Fleet Safety Officer of defendant M. Ludwig & Sons, "as a means of informing our insurance carrier of the accident ..." (Item 22, ¶ 3). The report is a form "Automobile Accident Report" which seeks routine information about the policyholder, the vehicles and drivers involved, any injury to persons or damage to property, and the driver's description of the accident.

In his affidavit, Mr. Ludwig attests to his knowledge and belief concerning various "legal requirements," such as the company's obligation to procure insurance and its responsibility to notify the insurance company of an occurrence (Item 22, ¶ 4). However, there is nothing in the materials submitted to the court to indicate that any legal advice was obtained by defendants prior to carrying out these general legal obligations, or that the report was prepared and submitted to the insurance company "in furtherance of a sufficiently identifiable resolve to litigate, rather than a more or less routine investigation" of a possible claim for coverage on the liability policy. *Fine v. Bellefonte, supra,* 91 F.R.D. at 422; *see also Willis v. Westin, supra,* 1987 WL 6155 at *2 (report prepared shortly after accident, when it was not clear that a lawsuit would ensue); *525 Fulton Street Holding Corp. v. Mission National, supra,* 1984 WL 591 at *3 (attorney's affirmation established that investigative report was prepared for insurance company prior to decision on denial of claim).

Accordingly, defendants have failed to meet their burden of demonstrating that the accident report at issue was prepared solely in anticipation of litigation. Plaintiffs' motion to compel the production of this report is granted. Defendants shall produce a legible copy of this report to plaintiffs forthwith.

**SO ORDERED.**