Samantha **VARUZZA**, an infant by her mother and natural guardian, Suzanne **ZARRILLO**; and Michael Varuzza, an infant by his mother and natural guardian, Suzanne Zarrillo, Plaintiffs,

and

Suzanne Zarrillo, individually; and Frank Varuzza, Plaintiffs–Counter–Defendants

v.

**BULK MATERIALS, INC.;** Cryogenic Carriers, Inc.; John Hanson; and Clayton Hoover, Defendants–Counter–Claimants.

No. 96–CV–80 (LEK) (DRH).

United States District Court, N.D. New York.

Nov. 7, 1996.

Parker & Waichman, Great Neck, New York, for Plaintiffs (Jerrold S. Parker, of counsel).

Pemberton and Briggs, Schenectady, New York, for Counter–Defendants (Paul Briggs, of counsel).

Bower, Sanger & Futterman, P.C., New York City, for Defendants–Counter–Claimants (Virginia Futterman and Thomas J. Miller, of counsel).

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Plaintiffs, Canadian citizens, commenced this action against defendants alleging inju-

ries suffered in a motor vehicle accident on August 22, 1995 in this district. Approximately one week after the accident, plaintiff Frank Varuzza provided a written statement (the statement) to an investigator from his Canadian insurance company. Defendants demanded production of that statement and plaintiffs objected. Defendants have now moved for an order pursuant to Fed.R.Civ.P. 37(a) compelling production of the statement. For the reasons which follow, defendants' motion is granted.

## I. BACKGROUND

At the time of the accident, Frank Varuzza was a resident of the Province of Quebec, Canada. In 1976, Quebec enacted a total no-fault insurance law which prohibited lawsuits involving vehicular accidents occurring in Quebec. The law limits payments for pain and suffering. Medical care is guaranteed at no cost through government-sponsored medical insurance. Nevertheless, Frank Varuzza obtained automobile liability insurance coverage from Allianz Canada for the period including the date of the accident. Varuzza's coverage included liability for accidents occurring in the United States.

The accident apparently caused severe injuries to Frank Varuzza, his two young children, and his wife, plaintiff Samantha Zarrillo. Allianz received notice of the accident the following day and assigned an investigator to the matter. That investigator contacted Frank Varuzza within the week and obtained the twenty-six page statement. Plaintiffs commenced this action on January 18, 1996 and defendants' counterclaim was filed on February 1, 1996. Allianz has retained the law firm defending Frank Varuzza and his wife against the counterclaim.

In a deposition in this case, Frank Varuzza was unable to recall significant details of and surrounding the accident. He also denied giving any statement to a representative of Allianz. In opposition to this motion, however, Frank Varuzza submitted an affidavit dated October 15, 1996 in which he states that he now recalls giving the statement to the Allianz investigator and that it was previously forgotten because at the time he gave the statement, he was totally involved in caring for his wife and children.

## II. DISCUSSION

Plaintiffs object to production of the statement on grounds of attorney-client privilege and the work product doctrine.

### A. Attorney–Client Privilege

■ "Narrowly defined, riddled with exceptions, and subject to continuing criticism, the rule affording confidentiality to communications between attorney and client endures as the oldest rule of privilege known to the common law." *United States v. Schwimmer,* 892 F.2d 237, 243 (2d Cir.1989). That privilege "forbids an attorney from disclosing confidential communications obtained from his or her client during the course of professional consultations." *United States v. Adlman,* 68 F.3d 1495, 1499 (2d Cir.1995). The party invoking the privilege has the burden of showing, *inter alia,* that an attorney-client relationship existed at the time of the communication. *See United States v. Rivera,* 837 F.Supp. 565, 567 (S.D.N.Y.1993).

■ Here, the facts adduced by plaintiffs fail to establish the existence of an attorney-client relationship, or even the contemplation of such a relationship, at the time of the statement. Moreover, the statement was solicited by the insurer's investigator in accordance with its normal practice, not at the behest or on behalf of any attorney. There is, then, no showing that the statement was given by Frank Varuzza in the context of any attorney-client relationship. Accordingly, plaintiffs' contention on this ground is rejected.

### B. Work Product

Plaintiffs contend in the alternative that production of the statement is barred by the work product doctrine. That doctrine is codified in Fed.R.Civ.P. 26(b)(3) and states in pertinent part:

[A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the

party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

■ Rather than a privilege, the doctrine creates a form of qualified immunity from discovery for documents within its scope. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 514 n. 2 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1536, 128 L.Ed.2d 189 (1994); *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 699 (D.Nev.1994). Its application is governed by federal rather than state law. *In re Combustion, Inc.*, 161 F.R.D. 51, 52 (W.D.La. 1995). Its limited protection serves to prevent exploitation of the efforts of another party in preparing for litigation, *see Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. at 699, and to permit a party to prepare for trial without fear that its thought processes will be disclosed to another party. *See Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 463 (S.D.N.Y.1993).

■ A party asserting the protection of the doctrine bears the initial burden of showing that the documents in question fall within the scope of the doctrine. *Ward v. CSX Transp., Inc.*, 161 F.R.D. 38, 40 (E.D.N.C. 1995). Material falls within the scope of the doctrine if it satisfies three criteria. First, the material must be a document or tangible thing. Second, it must have been prepared in anticipation of litigation. Third, it must have been prepared by or for a party or its representative. *Bartley v. Isuzu Motors Ltd.*, 158 F.R.D. 165, 167 (D.Colo.1994).

■ Here, defendants do not dispute that plaintiffs have satisfied the first and third of these criteria. They contend, however, that plaintiffs cannot meet the second criterion because with no litigation regarding the accident possible in Canada, the Canadian insurer could not possibly have anticipated litigation when it obtained the statement. However, Frank Varuzza's liability policy covered, *inter alia*, accidents occurring in the United States concerning which the likelihood of a lawsuit was patently obvious. Moreover, a representative of Allianz has submitted an unrebutted affidavit confirming that Allianz anticipates a lawsuit in all such instances. Plaintiffs have thus satisfied their burden of demonstrating that the statement falls within the scope of the doctrine.

■ The burden then shifts to the party seeking discovery to establish the substantial need and undue hardship set forth in Rule 26(b)(3). *F.T.C. v. Grolier, Inc.*, 462 U.S. 19, 27, 103 S.Ct. 2209, 2214, 76 L.Ed.2d 387 (1983). Defendants assert that their substantial need arises from two sources. First, the statement is reasonably likely to provide evidence related to the accident from one of those involved. Second, given Frank Varuzza's failure at his deposition to recall numerous details concerning and surrounding the accident, defendants require the statement to assist in filling the gaps in Frank Varuzza's testimony and for impeachment. This showing suffices to satisfy the requirement of substantial need.

Defendants assert undue hardship from their inability to obtain the substantial equivalent of the statement from any other source. A deposition of Frank Varuzza, as noted, left open many questions of material fact. Despite the suggestion in Frank Varuzza's self-serving affidavit submitted in connection with this motion that his recollection has now improved, there is no credible reason to believe that a second deposition would afford defendants the substantial equivalent of the statement. Defendants have, therefore, also satisfied the second requirement of Rule 26(b)(3).

Thus, while the work product doctrine provides limited protection from discovery for the statement, defendants have satisfied the requirements of Fed.R.Civ.P. 26(b)(3) to overcome that limited protection and to obtain its disclosure.

## III. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED** that defendants' motion pursuant to Fed.R.Civ.P. 37(a) to compel production of the statement is **GRANTED** and

plaintiffs are directed to provide the statement to defendants on or before November 20, 1996.