Susan L. REXFORD, Plaintiff,

v.

Robert D. OLCZAK, Patricia Meisenburg, Robert Jasinsky, Kathleen Anthony, Diane Monkelbaan, Brenda Sikinoff, and Board of Education, Starpoint Central School District, Defendants.

No. 97–CV–234S(H).

United States District Court, W.D. New York.

Nov. 5, 1997.

W. James Schwan, Buffalo, NY, for Plaintiff.

Nicholas J. Sargent, Buffalo, NY, for Defendants.

## DECISION AND ORDER

HECKMAN, United States Magistrates Judge.

This case has been referred to the undersigned for pretrial matters, in accordance with 28 U.S.C. § 636(b)(1)(A). Defendants have moved to compel discovery. For the following reasons, defendants' motion is granted.

### BACKGROUND

This action was filed on March 31, 1997. Plaintiff claims that individual members of the Starpoint Central School District Board of Education wrongfully denied her an appointment to a full-time teaching position because of her political support for certain school board candidates, in violation of her rights under the First and Fourteenth Amendments to the United States Constitution. She seeks monetary damages and injunctive relief pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.

On May 27, 1997 defendants answered the complaint and asserted seven separate counterclaims for defamation. Also on May 27, 1997, defendants served various discovery demands. On July 29, 1997, plaintiffs deposition was held, and she produced her responses to defendants' document demands. However, she has refused to produce a personal journal which she kept from July, 1996 to May, 1997. Plaintiff claims that the information in the journal, including her notes of conversations that she had with school board members and others relating to the Board's denial of her appointment, is protected from discovery as information prepared in litigation under Rule 26(b)(3).

On October 2, 1997, after hearing oral argument, the court reserved decision on defendants' motion and directed plaintiff's counsel to submit the journal for *in camera* review. The court has now completed its review. What follows is the court's ruling on the motion to compel.

### DISCUSSION

■ Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that a party may discover documents "prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." In determining whether this qualified protection applies, the initial inquiry is "whether, in light of the nature of the documents and the factual situation in a particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 125 F.R.D. 51, 54 (S.D.N.Y.1989).

■ The protection from disclosure offered by Rule 26(b)(3) "requires a more immediate showing than the remote possibility of litigation." *Garfinkle v. Arcata Nat. Corp.,* 64 F.R.D. 688, 690 (S.D.N.Y.1974). "Litigation must at least be a real possibility at the time of preparation or, in other words, the document must be prepared with an eye to some specific litigation." *James Julian, Inc. v. Raytheon Co.,* 93 F.R.D. 138, 143 (D.Del.1982); see also *Reich v. Great Lakes Collection Bureau, Inc.,* 172 F.R.D. 58, 61 (W.D.N.Y.1997). Stated another way, "[w]hether material is prepared 'in anticipation of litigation' turns on whether the preparing party had a unilateral belief that litigation was likely and whether that belief was reasonable." *Chiquita Int'l, Ltd. v. M/V BOLERO REEFER,* 1994 WL 263603, at *2 (S.D.N.Y. June 4, 1994); see also *Martin v. Bally's Park Place Hotel & Casino,* 983 F.2d 1252, 1260 (3d Cir.1993).

According to Wright, Miller & Marcus:

Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus, the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work-product immunity for documents prepared in the regular course of

business rather than for purposes of the litigation.

8 Wright, Miller & Marcus, *Federal Practice & Procedure* § 2024, at 343–46 (1994).

Defendants cite this court's decision in *Snyder v. Winter*, 159 F.R.D. 14 (W.D.N.Y. 1994), in support of their argument that plaintiff's journal should be produced because it was prepared at a time when litigation was still a contingency. Indeed, in *Snyder* this court held that "[t]he mere contingency that litigation may result" does not give rise to work product protection. *Id.* at 15 (citing *Willis v. Westin Hotel Company*, 1987 WL 6155, at *1 (S.D.N.Y.1987), and *Fustok v. Conticommodity Services*, 106 F.R.D. 590, 592 (S.D.N.Y.1985)). However, *Snyder* involved a claim of work product protection for an accident report prepared in the normal course of the defendant's business as a means of reporting the accident to its insurance company. While contingency of litigation was a factor in the court's ruling that the accident report was not protected from disclosure under Rule 26(b)(3), it was not the sole determining factor.

Closer to the point is *Carolan v. New York Telephone Co.*, 1984 WL 368 (S.D.N.Y. 1984), in which the court ordered the production of relevant portions of a diary kept by a plaintiff in an employment discrimination suit. The plaintiff in that case began her diary 2 years before she filed her lawsuit. She described the contents of the diary as a contemporaneous record of her "job assignments, job performance and job accomplishments, as well as a record of sex harassment and defamation of character that [she] received from District level personnel. . . ." *Id.* at 1. The court found that litigation was not imminent until the plaintiff was given her notice of termination, and that diary entries made prior to that date were not protected from disclosure. The court also found that the employer had demonstrated substantial need for the information contained in the diary entries made after the prospect of litigation became imminent, primarily because of the contemporaneous nature of the diary entries and the fact that the plaintiff's prior recorded statements "may differ from her present account and

yet, without the diary, defendants would be unable to determine whether this is the case." *Id.* at *4. The court directed the plaintiff to produce all diary entries containing information relevant to the issues in the case, without requiring defendants to first attempt to obtain the substantial equivalent of that information by way of deposition.

■ In this case, the entire journal has been reviewed by the court *in camera*. The litigation formally commenced with the filing of the complaint on March 31, 1997. The entries in plaintiffs journal begin on July 15, 1996 and conclude on May 20, 1997. Plaintiff was interviewed for the position of full-time Health/Physical Education teacher on August 5, 1996. On August 14, 1996, plaintiff received information that she would not be recommended for the position. The journal entry for August 16, 1996 suggests that plaintiff "had spoken to a lawyer" as of that date. However, the Board did not make its appointment until August 22, 1996. On August 29, 1996, plaintiff received information that the person who was appointed had taken a position at another school, and the position of Health/Physical Education teacher at Starpoint was reposted.

On October 1, 1996, plaintiff was told that she would not be interviewed for the position a second time. According to the information contained in the journal entries the interviews took place on October 9, 1996, and plaintiff was not interviewed. On October 11 and October 13, 1996, plaintiff was informed that the position would be offered to another candidate.

Considering this information, and following the precedent of the cases cited above, I find that litigation became a "real possibility" in this case only upon defendants' decision, finalized on August 22, 1996, to appoint someone to the position other than plaintiff. This determination gives substantial benefit of the doubt to plaintiff, since the information in the journal entries also suggests that plaintiff considered herself in the running until October 1, 1996, when she was informed that she would not be interviewed for the reposted position. Accordingly, I find that the relevant information contained in plaintiffs journal entries up to and including the entry

dated August 22, 1996, is not subject to the work product immunity provided by Rule 26(b)(3).

As to the remaining entries, defendants claim that they have demonstrated substantial need based on plaintiffs contradictory or unresponsive answers to deposition questions and interrogatories about the details of the events she recorded in her journal. The *Carolan* case again provides persuasive precedent with respect to the substantial need for this type of evidence, as follows:

> The diary apparently includes a contemporaneous account by the plaintiff of events that she witnessed or participated in and that are central to her claims in this lawsuit. Although it is true that defendants can take plaintiffs deposition and ask her about these events, this does not demonstrate a lack of need in this case. It has repeatedly been recognized that a witness's memory long after the events in question is not nearly as reliable as his recollection at or near the time of the event, and this advantage of contemporaneous statements by itself can constitute sufficient justification for disclosure of such statements. Indeed, the Advisory Committee Notes specifically cite contemporaneity as a basis for finding sufficient need under Rule 26(b)(3) for production of witness statements. Moreover, if one party is able to obtain information informally from a witness but the other party is denied a similar opportunity because the witness is hostile, this strengthens the showing of need for production of the witness's statement. Again the Advisory Committee Notes invoke this traditional basis for finding "good cause" under the old Rule 34 as a sufficient showing of need under the amended Rule 26(b)(3). Furthermore, a contemporaneous statement may be the only means for determining whether the witness is altering his version of facts. All of these considerations suggest that in this situation, in which plaintiff is necessarily "hostile" and self-interested, defendants have demonstrated the requisite need under Rule 26(b)(3). Plaintiff's prior statements are vital precisely because they may differ from her present account and yet, without the diary, defendants would be

unable to determine whether this is the case.

*Carolan v. New York Telephone Co., supra,* 1984 WL 368, at *4.

Similarly in this case, plaintiff's contemporaneous account of meetings, conversations and other events central to the issues in this case provide relevant evidence that may be useful for impeachment or other trial preparation purposes. Defendants have demonstrated their inability to obtain the substantial equivalent of this evidence through interrogatories, deposition, and a claim examination hearing conducted pursuant to N.Y. Gen. Mun. Law § 50–h. The diary contains no "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3). Defendants are therefore entitled to obtain discovery of the diary in its entirety.

### CONCLUSION

For the above reasons, defendants' motion (**Item 6**) is granted. Plaintiff is directed to produce the diary in its entirety to defendants on or before **November 24, 1997**.

**SO ORDERED.**