**Joanne CALABRO, Plaintiff,**

v.

**Philip STONE, Defendant.**

**No. CV 2003–4522 CBA MDG.**

United States District Court,
E.D. New York.

Oct. 7, 2004.

John P. Bostany, The Bostany Law Firm, New York City, for Plaintiff.

John W. Kondulis, Bilello & Walisever, Westbury, NY, for Defendant.

## ORDER

GO, United States Magistrate Judge.

Plaintiff Joanne Calabro brings this action for personal injuries suffered in an automo-

bile accident with defendant Philip Stone. By letter application dated August 6, 2004, plaintiff seeks to compel the production of a transcript of a recorded statement made on August 13, 2003 by defendant to his insurance carrier. Defendant resists disclosure on the ground that such statements and reports made to insurance carriers are protected by the attorney-client privilege under New York law.

### DISCUSSION

Defendant is correct that, in a diversity action, Rule 501 of the Federal Rules of Evidence provides that state law governs the applicability of the attorney-client privilege. *See Weber v. Paduano,* No. 02 Civ. 3392(GEL), 2003 WL 161340, at *10 (S.D.N.Y. Jan.22, 2003); *Bank Brussels Lambert v. Credit Lyonnais (Suisse), S.A.,* 210 F.R.D. 506, 508 (S.D.N.Y.2002). However, defendant errs in characterizing the statement at issue as a privileged attorney-client communication.

■ The burden of proving each element of the attorney-client privilege rests on the party claiming it. *See Weber,* 2003 WL 161340, at *10; *Bank Brussels,* 210 F.R.D. at 509. "In New York, the attorney-client privilege protects confidential communications between attorney and client relating to legal advice." *Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.,* No. 00 Civ. 9212(DF), 2002 WL 31729693, at *3 (S.D.N.Y. Dec.5, 2002); *Mount Vernon Fire Ins. Co. v. Try 3 Bldg. Servs., Inc.,* No. 96 Civ. 5590(MJL)(HBP), 1998 WL 729735, at *3 (S.D.N.Y. Oct. 14, 1998); *see Rossi v. Blue Cross and Blue Shield of Greater New York,* 73 N.Y.2d 588, 593, 542 N.Y.S.2d 508, 510, 540 N.E.2d 703 (1989); N.Y. C.P.L.R. § 4503(a). New York courts narrowly construe the attorney-client privilege because it is seen to obstruct the truth-finding process. *See Rossi,* 73 N.Y.2d at 593, 542 N.Y.S.2d 508, 540 N.E.2d 703.

■ Contrary to defendant's position, "[m]erely because a communication is between an insurer and its insured does not render it privileged." *Bovis Lend Lease,* 2002 WL 31729693, at *8; *Aiena v. Olsen,*

194 F.R.D. 134, 136 (S.D.N.Y.2000) ("Federal courts have never recognized an insured-insurer privilege as such"); *Mount Vernon Fire,* 1998 WL 729735, at *8 n. 4 (although insurer attempted to assert an "insurer-insured" privilege, "[n]o such privilege exists"); *Varuzza v. Bulk Materials, Inc.,* 169 F.R.D. 254, 256 (N.D.N.Y.1996) (written statement by insured submitted to insurance company investigator was not privileged). Rather, the communication must satisfy the elements of the attorney-client privilege. Defendant here has not demonstrated the existence of an attorney-client relationship at the time of the statement which presumably was made in the course of communications by the insured with the insurer to give notice of the accident. Defendant has neither shown that the communication at issue was for the purpose of obtaining legal advice nor that it was intended to persuade the insurance carrier to retain counsel to defend him in this action. Moreover, there has been no showing that the communication was made with the expectation that confidentiality would be maintained. Defendant's general assertion that the information requested is privileged is not sufficient to sustain defendant's burden of proving applicability of the attorney-client privilege. *See Weber,* 2003 WL 161340, at *10; *Bovis Lend Lease,* 2002 WL 31729693, at *5. In any event, defendant has waived his right to claim that any such document is privileged in light of his apparent failure to disclose the existence of the information in a privilege log or otherwise to raise the issue earlier. *See Goodyear Tire & Rubber Co., v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.,* No. 02 Civ. 0504, 2003 WL 22110281, at *3 (S.D.N.Y. Sept. 10, 2003); *Weber,* 2003 WL 161340, at *12 ("failure to provide a privilege log can result in a waiver of privilege").

■ The authority relied upon by defendant is inapplicable. In *Kandel v. Tocher,* 22 A.D.2d 513, 256 N.Y.S.2d 898 (1st Dep't 1965), the court protected an accident report concerning a motor vehicle accident from discovery. However, there, the court relied on the New York work product doctrine to preclude discovery of the accident reports. Although state law applies to questions of privilege in diversity actions, "federal law

governs the applicability of the work product doctrine in all actions in federal court." *Weber*, 2003 WL 161340, at *3; *Goodyear Tire*, 2003 WL 22110281, at *2; *Mount Vernon Fire*, 1998 WL 729735, at *4. Therefore, the cases cited by defendant, *Kandel* and its progeny, are not applicable to this issue and do not support defendant's contention that New York law protects as privileged communications between the insured and his insurer.

Federal Rule of Civil Procedure 26(b)(3) embodies the federal work-product doctrine which provides qualified protection to "documents and tangible things... prepared in anticipation of litigation or for trial" from discovery. Fed.R.Civ.P. 26(b)(3); *United States v. Constr. Products Research, Inc.*, 73 F.3d 464, 473 (2d. Cir.1996); *Bogan v. Northwestern Mut. Life Ins. Co.*, 163 F.R.D. 460, 462 (S.D.N.Y.1995); *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 145 F.R.D. 298, 301 (E.D.N.Y.1992); *see Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). If a party seeks disclosure of protected documents, the party must demonstrate a "substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3).

■■ The party asserting work-product protection bears the burden of establishing that a document was "prepared principally or exclusively to assist in anticipated ... litigation." *Constr. Prods.*, 73 F.3d at 473. Documents prepared in anticipation of litigation are those that, "in light of the nature of the document and the factual situation in the particular case ... can fairly be said to have been prepared or obtained because of the prospect of litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir.1998). Thus, documents prepared in the ordinary course of business or that "would have been created in essentially similar form irrespec-

tive of the litigation" are not protected by the work product doctrine. *Id.*

■■ Federal courts in the Second Circuit have not routinely shielded documents such as accident reports from discovery; rather, they have required proof that the material "is prepared exclusively and in specific response to imminent litigation." *Snyder v. Winter*, 159 F.R.D. 14, 15 (W.D.N.Y.1994). The mere contingency that litigation could result is not sufficient to trigger protection under the work product doctrine. *Id.; see also Fustok v. Conticommodity Services, Inc.*, 106 F.R.D. 590 (S.D.N.Y.1985). This is particularly true in the insurance context because " 'the very business of the producing party is to evaluate claims that may ultimately ripen into litigation.' " *Weber*, 2003 WL 161340, at *4 (quoting *Arkwright Mutual Ins. Co. v. National Union Fire Ins. Co.*, No. 90 Civ. 7811(AGS), 1994 WL 698298, at *2 (S.D.N.Y. Dec.13, 1994)); *Goodyear Tire*, 2003 WL 22110281, at *4. Thus, the party resisting discovery must "demonstrate by specific and competent evidence that the documents were created in anticipation of litigation." *Weber*, 2003 WL 161340, at *4; *see also Fine v. Bellefonte Underwriters Ins. Co.*, 91 F.R.D. 420, 422 (S.D.N.Y.1981). Whether the document was created "because of" impending litigation depends on "whether the moving party can point to a definite shift made by the insurer or adjuster from acting in its ordinary course of business to acting in anticipation of litigation."[1] *Goodyear Tire*, 2003 WL 22110281, at *4.

Generally, courts have found accident reports generated for the investigation and evaluation of claims to be part of the "regular, ordinary and principal business of insurance companies." *Fine*, 91 F.R.D. at 422; *see also Am. Ins. Co. v. Elgot Sales Corp.*, No. 97 CIV. 1327, 1998 WL 647206, at *1–*2 (S.D.N.Y. Sept. 21, 1998); *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 708 (S.D.N.Y.1979). Likewise, investigative

---

1. Like the federal work-product rule, under New York law, "material prepared by non-attorneys in anticipation of litigation, such as accident reports, is immune from discovery only where the material is prepared exclusively and in specific response to imminent litigation." *Willis v. Wes-* *tin Hotel Co.*, No. 85 Civ.2056(CBM), 1987 WL 6155, at *1 (S.D.N.Y. Jan.30, 1987); *see James v. Metro North Commuter R.R.*, 166 A.D.2d 266, 268, 560 N.Y.S.2d 459, 461 (1st Dep't 1990); *compare* N.Y. C.P.L.R. § 3101(d)(2) *with* § 3101(g).

reports sent by an insured to an insurance company are generally considered to have been created in the ordinary course of business rather than in anticipation of imminent litigation. *See, e.g., 525 Fulton St. Holding Corp. v. Mission Nat'l Ins. Co. of California,* No. CIV. 83–8229, 1984 WL 591, at *3 (S.D.N.Y. June 29, 1984).

In the present case, there has been no showing that the requested information, created before the commencement of this action and only three weeks after the accident occurred, involves disclosure of information that might be properly classified as prepared in "anticipation of litigation," rather than prepared in the ordinary course of business. For example, the fact that an accident report is sent to an insurance carrier does not make it work product if it was prepared routinely to inform the insurance carrier of the accident. *Snyder,* 159 F.R.D. at 16. Defendant has not presented any evidence with respect to "when and if counsel was retained in anticipation of litigation, or any other evidence of benchmarks in the progression from claim to litigation that could enable the Court to infer that subsequent documents were prepared in anticipation of litigation." *Goodyear Tire,* 2003 WL 22110281, at *4; *Weber,* 2003 WL 161340, at *12. Since defendant has failed to meet its burden of proving that the information requested should be protected as work product, the information should be disclosed.

## CONCLUSION

For the foregoing reasons, plaintiff's application is granted. Defendant Stone is directed to produce the full, unredacted transcript within fifteen (15) days from the date of this Order.

**SO ORDERED.**