■ PAUL F. ANDREWS, Appellant, v REGIONAL TRANSIT SERVICE, Respondent. — Judgment unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: In this negligence action, plaintiff seeks to recover damages for injuries sustained on April 13, 1977 as a result of being thrown to the floor of a bus owned and operated by defendant, Regional Transit Service, when the bus driver suddenly applied the brakes in order to avoid a collision with another vehicle. Prior to trial, plaintiff's attorney served a subpoena duces tecum upon defendant seeking the production of "all accident reports, records, files and statements pertaining to the * * * accident [which] occurred on April 13, 1977". Plaintiff sought two reports: (1) an accident report completed and signed by the bus driver and (2) a memorandum prepared by defendant's safety officer. Defendant objected to disclosure of these reports or their use on trial on the basis that it was a self-insurer and the reports were privileged under CPLR 3101 (subd [d], par 2). The trial court ruled that the report taken from the bus driver was discoverable and should be produced inasmuch as it was made in the ordinary course of business. The court, however, permitted the report made by defendant's safety officer to be used only to refresh the officer's recollection in the absence of the jury and otherwise prohibited its use in the presence of the jury. The trial court erred in prohibiting disclosure and use of the accident report prepared by defendant's safety officer. CPLR 3101 was amended in 1980 to add a new subdivision (g) which provides that: "Except as is otherwise provided by law, in addition to any other matter which may be subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association, or other public or private entity, unless prepared by a police or peace officer for a criminal investigation or prosecution and disclosure would interfere with a criminal investigation or prosecution" (CPLR 3101, subd [g], L 1980, ch 283, eff Sept. 1, 1980). Although seemingly contradictory to CPLR 3101 (subd [d], par 2) which protects from discovery any writing created by a party or his agent in preparation for litigation, because subdivision (g) is more specifically addressed to accident reports than is subdivision (d), subdivision (g) has been held to supersede subdivision (d) to the extent of any inconsistency (*Pataki v Kiseda*, 80 AD2d 100, mot for lv to app dsmd 54 NY2d 831). A crucial issue at trial was whether plaintiff had, in fact, been thrown to the floor of the bus. Plaintiff was the only witness to testify that he was caused to fall by the sudden stop. Defendant offered testimony of the bus operator and a passenger who claimed that plaintiff was not thrown down to the floor. Contrary to the bus driver's testimony, however, the memorandum report of the safety officer stated in part, "Operator E. Dean Æ1271 here in the Safety Department at 2:35 P.M. Dean clearly recalls the incident stating that a pick-up truck with camper had made a fast right turn in front of him at Dewey and Driving Park. Operator applied the brakes in a hard emergency move to avoid this vehicle and a male passenger was thrown to the bus floor." We cannot determine from our review of the record whether the jury's verdict of no cause for action in favor of the defendant was based on the emergency doctrine or was a determination against plaintiff on the credibility issue, inasmuch as the memorandum report in dispute contained information in support of plaintiff's claim that he was thrown to the floor of the bus. The trial court's ruling denying discovery and curtailing plaintiff's efforts to lay a proper foundation for consideration of the report as a record prepared in the regular course of business was suffi-

ciently prejudicial to the plaintiff to require reversal and a new trial. (Appeal from judgment of Supreme Court, Monroe County, Mastrella, J. — negligence.) Present — Simons, J. P., Callahan, Denman, Boomer and Moule, JJ.