■ ELEANOR J. McKIE et al., Respondents, v ROBERT B. TAYLOR, Doing Business as McDONALD'S OF 74 STATE STREET, et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court (Doran, J.), entered February 22, 1988 in Albany County, which, *inter alia,* granted plaintiffs' cross motion to compel production of an accident report.

Plaintiff commenced this action to recover for personal injuries sustained in a fall in the vestibule of defendants' restaurant on the morning of February 16, 1987. Shortly after the incident, the store's manager gave telephonic notice of the fall to the insurance carrier. Following plaintiffs' demand for a copy of this report, defendants moved for a protective order contending that the report was conditionally immunized under CPLR 3101 (d) as material prepared exclusively for litigation. Plaintiffs cross-moved for discovery pursuant to CPLR 3101 (g). Supreme Court granted the latter relief, and defendants have appealed.

We affirm. In her deposition, the restaurant manager confirmed that company policy required her to immediately tele-

phone the insurance carrier of any on-premises accidents, and that the carrier would record this information in a written report. As such, we consider the report discoverable within the ambit of CPLR 3101 (g) *(see, Merrick v Niagara Mohawk Power Corp.,* 144 AD2d 878; *Vandenburgh v Columbia Mem. Hosp.,* 91 AD2d 710, 711). We find unpersuasive defendants' contention that the procedure utilized—direct telephone notice to the carrier with a follow-up report prepared by the carrier—establishes that the report was prepared exclusively for litigation purposes *(see, Landmark Ins. Co. v Beau Rivage Rest.,* 121 AD2d 98). Since the report was prepared shortly after the accident, it may very well have served a mixed purpose, and defendants have failed to show otherwise *(see, Merrick v Niagara Mohawk Power Corp., supra,* at 878-879; *Carden v Allstate Ins. Co.,* 105 AD2d 1048, 1049; *compare, Gavigan v Otis Elevator Co.,* 117 AD2d 941, 942). Accordingly, Supreme Court correctly concluded that the report was subject to discovery.

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.