■ RICHARD JAMES, Respondent, v METRO NORTH COMMUTER RAILROAD, Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered June 16, 1989, which compelled defendant's compliance with certain of plaintiff's discovery requests, unanimously modified, on the law, the facts and in the exercise of discretion, to require defendant to submit the six accident reports authored by Harold Tefft and the tape-recorded statement of William Colbert to the IAS court for in camera inspection to determine whether they are immune from discovery, to limit plaintiff's discovery requests regarding prior "accidents" to prior "pedestrian accidents", and to strike the phrase "and other documents" from plaintiff's request No. 34, and otherwise affirmed, without costs.

This personal injury action arises from an incident in which plaintiff was struck by a train operated by the defendant. The 27-year-old plaintiff was fishing on the banks of the Hudson River near Ossining, New York, at a location near defendant's

unguarded railroad tracks. When plaintiff entered the tracks to retrieve his brother's dog, he was struck by an oncoming train operated by engineer William Colbert.

Plaintiff commenced this action against Metro North, asserting that defendant was negligent in the operation of its train, in failing to erect fencing in the area, and in its hiring, training, and retention of the engineer.

In connection with this litigation, plaintiff served numerous discovery demands upon the defendant. Defendant complied with certain demands and engineer Colbert has submitted to a deposition, but other items of discovery were disputed and plaintiff moved to compel compliance. The IAS court granted the plaintiff's motion to the extent of directing defendant to comply with eight enumerated items. On this appeal, defendant pursues its opposition to several of these requests, which we will discuss *seriatim*.

1. Accident Reports and Witness Reports.

Defendant turned over certain accident reports to the plaintiff, but claims a privilege with respect to six accident reports authored by Harold Tefft and a tape-recorded statement taken by Tefft from engineer Colbert. Defendant Metro North is a self-insurer, and Tefft is a claims agent employed by Metro North.

Defendant claims that Tefft's accident reports and the statement that he took from Colbert are privileged pursuant to CPLR 3101 (d) (2) because they were prepared exclusively in anticipation of litigation. Plaintiff, on the other hand, asserts that these accident reports are subject to full disclosure by virtue of CPLR 3101 (g).

CPLR 3101 (d) (2) provides a conditional privilege from disclosure for material prepared in anticipation of litigation. CPLR 3101 (g) was enacted in 1980 to liberalize discovery practice and provides that there shall be full disclosure of any written report of an accident prepared in the regular course of business. These two provisions appear to be in conflict when an accident report prepared in the regular course of business is also prepared in anticipation of litigation.

In this regard, the case law which has developed in this department recognizes a sharp distinction between accident reports which result from the regular internal operations of the business, even where the sole motive behind the business operation is litigation, in which case the reports are discoverable under CPLR 3101 (g), and those which are produced solely in connection with the report of an accident to a liability

insurance carrier or to an attorney with respect to plaintiff's claim, in which case they are not *(Matter of Goldstein v New York Daily News,* 106 AD2d 323; *Hill v Misericordia Hosp. Med. Center,* 91 AD2d 915).

Mr. Tefft has submitted an affidavit in connection with this motion in which he states that pursuant to his duties as a claims agent for Metro North, he investigated the facts surrounding the accident and prepared the written reports here at issue and tape-recorded Colbert's statement. Mr. Tefft conclusorily states that these materials were confidential and prepared exclusively in anticipation of litigation. However, the mere recitation of this self-serving statement is insufficient to establish that the reports qualify for the privilege of CPLR 3101 (d) (2). Based on the record before this court, it is difficult to determine the true character of the disputed documents. Accordingly, we remand the matter to the IAS court and direct that defendant supply that court with the material at issue for in camera review to allow a more informed determination of whether these reports were prepared for the express purpose of litigation, or whether they were reports which normally result from the regular internal operation of the business and therefore subject to disclosure under CPLR 3101 (g). *(See, Sovereign Indus. Corp. v Raleigh Warehouse,* 74 AD2d 746.)

Defendant also argues that since CPLR 3101 (g) refers only to a *"written* report of an accident"* (emphasis added), the *tape-recorded* statement of Colbert is not within the scope of the statute. We reject this hypertechnical argument, and note that the distinction advanced by the defendant would frustrate the liberal intent of the statute to make reports of accidents prepared in the regular course of business subject to disclosure. Under defendant's position, a party could too easily circumvent the statute by preserving statements on tape and never reducing them to written form. Therefore, the engineer's tape-recorded statement is also subject to discovery, pending the in camera review, *supra.*

2. Prior Lawsuits.

The IAS court directed defendant to comply with plaintiff's request for information regarding prior lawsuits against Metro North regarding accidents where speed limits or fencing of tracks were at issue. Defendant argues that since it operates an extensive rail network, this request is overbroad and should be limited in time and place. However, the IAS court did not abuse its discretion in ordering compliance with

this discovery request. The request is material and relevant and sufficiently limited in scope by reference to the issues germane to this accident, to wit, speed limits and fencing. In this vein, we further limit the scope of the request only to the extent of directing that the information be provided with regard to "pedestrian accidents" only and not "all accidents", as plaintiff concedes on appeal.

3. Fencing and Track Maintenance.

Defendant contends that plaintiff's request for information regarding fencing and track maintenance is irrelevant to any valid cause of action because the recreational use statute, General Obligations Law § 9-103, immunizes it from liability for ordinary negligence in connection with the railroad right-of-way upon which plaintiff was injured.

This statute provides that the owner of premises owes no duty to keep the premises safe for certain recreational uses, such as hunting or fishing. (General Obligations Law § 9-103.) Defendant contends that the statute applies since plaintiff had been fishing. However, the purpose of this statute is to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come upon their property to pursue specified activities. *(Ferres v City of New Rochelle,* 68 NY2d 446, 451.) Here, plaintiff did not come upon defendant's right-of-way to fish or engage in any other recreational activity. He was on other land on the bank of the Hudson River fishing. He came upon the tracks to rescue a dog, and in that regard he was in the same position as any other person crossing or entering these unguarded tracks for mere passage.

Defendant relies on *Iannotti v Consolidated Rail Corp.* (74 NY2d 39) for the proposition that General Obligations Law § 9-103 applies here since in *Iannotti,* the Court of Appeals held that the statute encompasses commercial property such as railroad rights-of-way. In that case, the plaintiff was injured while riding his motorized trail bike along a road adjacent to defendant's railroad tracks. However, in *Iannotti,* the plaintiff was injured while engaged in one of the specific recreational uses enumerated in the statute on the premises owned by the defendant, and for this reason the statute applied. *Iannotti* is clearly distinguishable and should have no bearing on this case, and at this stage of the action should not prevent discovery of the requested items.

4. Metro North Rules and Regulations Relating to the Investigation of Train Accidents.

Defendant contends that this item is overbroad because it seeks a "laundry list" of materials as indicated by the phrase "and other documents". On appeal, plaintiff concedes that the request for "other documents" is improper and consents to it being stricken, which we so order. However, the other types of enumerated documents in the demand are sufficiently specific, and insofar as the request relates to the investigation of accidents such as the one here at issue, it is relevant and should not be stricken. Concur—Kupferman, J. P., Ellerin, Wallach, Smith and Rubin, JJ.