■ SISTERS OF ST. FRANCIS OF HOLY NAME PROVINCE, INC., Respondent, v DAEMEN COLLEGE, Formerly ROSARY HILL COLLEGE, Defendant, and EDWIN F. JAECKLE et al., Doing Business as JAECKLE, FLEISCHMANN AND MUGEL, Appellants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The court erred in granting plaintiff's motion to strike in its entirety defendant law firm's first notice to produce. We find that items 13 through 15 were properly stricken because the demands were overly broad; however, the court erred in striking items 1 through 12 and 16 through 19. Contrary to plaintiff's contentions, the subject matter was sufficiently defined despite the use of the word "all" *(see, Brown v Daisy Mfg. Co.,* 129 AD2d 995), in some instances by specific reference to plaintiff's complaint *(see, Brady v Wyeth Labs.,* 106 AD2d 795). Three items require specific comment. With re-

spect to item 1, which seeks all papers "turned over by [defendant law firm] to plaintiff's attorney's at the latter's request", plaintiff should be able to identify at least some of them by defendant law firm's letterhead. Plaintiff concedes that item 18 was proper. Item 19, which seeks a copy of an organizational chart showing the interrelationship of plaintiff's branches, was stricken after plaintiff argued that it has no branches. The court erred in striking that item; rather, plaintiff should respond by a sworn statement that it has no branches.

We further find that the court properly limited defendant law firm's second notice to produce to records relating to transactions between plaintiff and Daemen College because that was the relief requested by defendant law firm in its argument before Special Term. (Appeal from order of Supreme Court, Erie County, Rath, Jr., J.—discovery.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.