■ KEVIN CALKINS, Respondent, v RONALD E. PERRY et al., Doing Business as CHANGE OF PACE, Appellants.—Order unanimously affirmed with costs. Memorandum: Defendants appeal from an order which granted plaintiff's motion to compel disclosure of certain statements of defendants and various witnesses, and denied defendants' cross motion for a protective order. Defendants resist disclosure on the ground that the statements, which constitute accident reports, are material prepared in anticipation of litigation.

The court properly ordered disclosure. CPLR 3101 (d) (2) provides that "materials otherwise discoverable * * * and prepared in anticipation of litigation or for trial by or for another party * * * may be obtained only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means". CPLR 3101 (g), which creates an exception to the conditional disclosure exemption of CPLR 3101 (d) (2), provides that "there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity". Thus, accident reports, including those prepared by a party for his attorney or insurer, are conditionally immune from disclosure if they were prepared exclusively for the purpose of preparing for litigation. Conversely, there must be full disclosure of accident reports prepared in the ordinary course of business that were motivated at least in part by a business concern other than preparation for litigation (see, Harris v Processed Wood, 89 AD2d 220, 222).

Applying that rule, we conclude that the statements sought by plaintiff are not immune from disclosure. The EBT testimony and affidavit of defendant Ronald Perry establish that the statements were prepared and obtained as part of defendants' business routine. Moreover, neither their lawyer nor their insurer requested defendants to prepare those reports. Those facts, combined with the fact that defendants generally kept the reports unless and until someone made a claim, suggest that they were prepared at least in part for an internal purpose. Finally, at the time the statements were prepared, defendants apparently were unaware that plaintiff had been injured and was contemplating a lawsuit. In those circumstances, where the statements were prepared in the regular course of business, partially for a business purpose, it is immaterial that the statements may also be used in litiga-

tion. (Appeal from order of Supreme Court, Steuben County, Purple, J.—discovery.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.