OPINION OF THE COURT
Joseph R. Glownia, J.
Plaintiff in this personal injury action served a notice for *84 discovery and inspection seeking, among other items, the production of the defendant’s entire internal investigation file pursuant to CPLR 3101 (g). The defendant moved for a protective order pursuant to CPLR 3101 (d) (2) claiming that the items enumerated in paragraph 11 of plaintiffs notice to produce were materials prepared in anticipation of litigation and therefore not discoverable.
The motion was argued on November 25, 1992, at which time this court ordered that the defendant provide all material it deemed discoverable from its internal investigation file and provide the entire file to the court for an in camera inspection. Defendant was also required to furnish a certification from a representative of the defendant corporation stating that it was in fact the entire file.
On February 10, 1993, the defendant provided the plaintiff some materials responsive to the direction of the court and on February 11, 1993, defendant provided the court with its internal accident investigation file (along with certification) for review. At that time the defendant requested an opportunity to present a memorandum of law regarding the discoverability of materials within its accident investigation file. Defendant’s request was granted and plaintiff was given an opportunity to respond.
Defendant argues that it is self-insured and as such maintains a separate department within the corporation to investigate accidents and generate various reports, photographs, etc., in anticipation of litigation. It has supplied the court with an affidavit of claims agent John Wasley in which he states the materials in this case are confidential and prepared exclusively in anticipation of litigation.
Plaintiff argues that these materials are in fact multimotivated reports made in the ordinary course of defendant’s business. Plaintiff produced previous sworn trial testimony of Lloyd Nagel (one of defendant’s claims agents) that these investigations are in the normal course of its operations. Further, plaintiff offered the defendant’s "Manual for the Preparation Accident/Incident Reports” which not only requires the preparation of said reports, but that they be filed in both the Safety Department and the Claims Department. Plaintiff cites James v Metro N. Commuter R. R. (166 AD2d 266 [1st Dept 1990]) claiming that under these circumstances, even if prepared for litigation the entire file is discoverable.
The defendant argues that the rule with respect to the interpretation of CPLR 3101 in the First Department under *85 James (supra) is different from that which exists in the Fourth Department under Harris v Processed Wood (89 AD2d 220 [4th Dept 1982]). No such distinction can be made. Harris held that a statement made directly to the defendant’s insurance carrier with no indication it was to be used for any purpose other than for defense and settlement of claims is not discoverable. The Court went on to distinguish an earlier case, Andrews v Regional Tr. Serv. (88 AD2d 784), in which the statement was made not to the defendant’s insurer but to the defendant’s safety officer and may have served a purpose other than preparation for litigation. By referencing the Andrews case within Harris, the Court emphasized that for such materials to be protected they can have no other purpose but litigation.
The James case (supra) involved a self-insured defendant. In that case the Appellate Division remanded the matter to the IAS Court to make "a more informed determination of whether these reports were prepared for the express purpose of litigation, or whether they were reports which normally result from the regular internal operation of the business and therefore subject to disclosure” (166 AD2d, at 268). If the sole purpose was litigation they were not discoverable under CPLR 3101 (d) (2).
The difficulty in determining the purpose of these materials arises in part from the fact that the defendant is self-insured and the impossibility of distinguishing the "insurance department” of the defendant from the "safety” or other departments which may have access or need for these reports. On a motion for protective order it would be incumbent upon the self-insured defendant to come forward with clear evidence of the exclusive purpose of such accident investigation reports. The defendant has offered no such evidence especially in view of the previous sworn testimony of defendant’s claims agent Nagel and its own manual regarding these reports. The defendant must present more than the self-serving statements contained in the affidavit of Wasley which are insufficient for these purposes (James v Metro N. Commuter R. R., supra).
Defendant is hereby directed to comply with paragraph 11 of the notice to produce by providing any and all pictures/ photographs, statements of witnesses, memoranda, and reports, within its accident and internal investigation file.
The in camera inspection previously ordered by the court will be limited to a determination that the defendant has in fact complied with this decision.