■ KENNETH S. WYLIE, Respondent, v CONSOLIDATED RAIL CORPORATION, Also Know as CONRAIL, Appellant. [605 NYS2d 700] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly directed defendant to produce the entire contents of its internal accident investigation file. Defendant's argument that plaintiffs' discovery requests are overly broad is not properly before this Court. That argument was not raised before Supreme Court. In any event, there is no merit to that argument *(see, Engel v Hagedorn,* 170 AD2d 301; *Sisters of St. Francis of Holy Name Province v Daemen Coll.,* 168 AD2d 897).

We further reject defendant's contention that the files are exempt from disclosure pursuant to CPLR 3101 (d) (2). That

provision recites that "materials otherwise discoverable * * * and prepared in anticipation of litigation or for trial by or for another party * * * may be obtained only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means". CPLR 3101 (g), which creates an exception to the conditional exemption afforded by CPLR 3101 (d) (2), recites that "there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any * * * corporation". Thus, "there must be full disclosure of accident reports prepared in the ordinary course of business that were motivated at least in part by a business concern other than preparation for litigation" (*Calkins v Perry,* 168 AD2d 999; *see, Harris v Processed Wood,* 89 AD2d 220, 222).

Supreme Court properly concluded that the internal accident investigation files herein were prepared by defendant's claim department, at least in part, for certain internal business purposes. Thus, the files were not prepared solely in anticipation of litigation (*Calkins v Perry, supra*).

Supreme Court's orders did not contain any language designed to protect against the disclosure of "mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation" as required by CPLR 3101 (d) (2). Therefore, we modify the orders by directing Supreme Court to conduct an in camera inspection of the file and to redact therefrom such material as is necessary to protect against disclosure of the "mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation."

With respect to plaintiff Plewinski, defendant further asserts that Supreme Court erred in directing it to provide the names, addresses and other information regarding its potential witnesses in its bill of particulars. Defendant contends that plaintiff Plewinski's demand was improper on the ground that it sought evidentiary material that is not a proper subject of a bill of particulars.

It is undisputed that defendant did not move timely to strike plaintiff Plewinski's demand for a bill of particulars. Thus, defendant may not object to the items requested unless it is demonstrated that they are palpably improper (*see, Nigro v Nigro,* 121 AD2d 833, 833-834; *see also, Morris v Fein,* 177 AD2d 915, 916). A demand is "palpably improper when the

items demanded are 'not only not strictly allowable but also so burdensome to supply that compliance will involve a task that is unreasonable to exact' " *(Nigro v Nigro, supra,* at 834, quoting *Helfant v Rappoport,* 14 AD2d 764, 765).

Although plaintiff Plewinski's demand improperly sought evidentiary material that was more appropriately the subject of disclosure devices under CPLR article 31, it cannot be said that compliance with the demand is so burdensome that it is rendered palpably improper. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Discovery.) Present—Pine, J. P., Fallon, Davis and Boehm, JJ.