(March 11, 1996)

GEORGE P. AGOVINO III, Respondent, v TACO BELL 5083 et al., Appellants. [639 NYS2d 111]

Although we agree with the result reached by the Supreme Court, we do not agree with that court's reasoning.

The plaintiff allegedly sustained physical injuries as a result of drinking an iced tea sold by the defendant Taco Bell 5083 (hereinafter the defendant) which appears to have been tainted by a cleaning solution intended to sanitize the defendant's brewing and dispensing equipment. The employees of the defendant apparently followed routine procedures and notified the defendant's liability insurance carrier, The Travelers, via a toll-free telephone number. The Travelers assigned a claim number, and several weeks later, representatives of The Travelers interviewed several of the defendant's employees. These interviews were purportedly incorporated into subsequent reports which the plaintiff sought to discover. ·

The qualified immunity from disclosure provided by CPLR 3101 (d) (2), for materials prepared "in anticipation of litigation or for trial", by or for another party, or by or for that other party's representative, is lifted "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means" (CPLR 3101 [d] [2]).

In applying this rule, statements given by a party to his insurer are conditionally immune from disclosure if they were given exclusively in anticipation of litigation *(see, Calkins v Perry,* 168 AD2d 999). Conversely, the mere fact that accident reports are compiled by a liability insurer does not ipso facto render the reports immune from disclosure *(see, Calkins v Perry, supra; Pinkans v Hulett,* 156 AD2d 877; *McKie v Taylor,* 146 AD2d 921; *cf., James v Metro N. Commuter R. R.,* 166 AD2d 266, 267-268).

CPLR 3101 (g) provides "there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity, unless prepared by a police or peace officer for a criminal investigation or prosecution and disclosure would interfere with a criminal investigation or prosecution".

Thus, accident reports made in the regular course of busi-

ness, by uninsured or self-insured entities, are generally not privileged from disclosure *(see, James v Metro N. Commuter R. R., supra)*, so long as they are not prepared for the sole purpose of litigation *(see, McKie v Taylor, supra; Crazytown Furniture v Brooklyn Union Gas Co.,* 145 AD2d 402). Moreover, when statements are given to a liability insurer's claims department as part of an internal investigation or for internal business purposes, as well as for defense purposes, they are not immune from discovery as material prepared solely in anticipation of litigation *(see, Wylie v Consolidated Rail Corp.,* 198 AD2d 884).

The burden of proving that a statement is privileged as material prepared solely in anticipation of litigation or trial is on the party opposing discovery *(see, Crazytown Furniture v Brooklyn Union Gas Co., supra; Matos v Akram & Jamal Meat Corp.,* 99 AD2d 527).

Here, the appellants submitted only their attorney's affirmation containing conclusory assertions that the reports were conditionally immune from disclosure pursuant to CPLR 3101 (d) (2) as material prepared in anticipation of litigation. This affirmation, without more, is insufficient to sustain the appellants' burden of demonstrating that the interviews and the reports were prepared exclusively for litigation *(see, Koump v Smith,* 25 NY2d 287; *Merrick v Niagara Mohawk Power Corp.,* 144 AD2d 878). Therefore, the material was not exempt from disclosure *(see,* CPLR 3101 [d] [2]).

Because we find that the appellants have failed to sustain their burden of establishing that the documents are exempt, we need not reach their remaining contentions. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.