■ In the Matter of COREY STANCO, Respondent, v JAY STEINBERG, Appellant. [678 NYS2d 301] —In a proceeding pursuant to CPLR 3102 (c) to preserve testimony, the appeal is from an order of Supreme Court, Suffolk County (Seidell, J.), dated August 22, 1995, which granted the petition.

Ordered that the order is affirmed, with costs.

There shall be "full disclosure of all evidence material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]; *see, Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371, 376) and the court has wide discretion in determining what is material and necessary (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). Pre-action disclosure is available by court order for the purpose of aiding in the bringing of an action and to preserve information (*see,* CPLR 3102 [c]). Here, where Richard Stanco, now deceased, was in extremis at the time of the commencement of the instant proceeding to preserve his testimony, there was an adequate demonstration of the need to preserve his testimony.

This Court, however, does not pass on the admissibility of the videotaped deposition. That issue is left to the trial court to decide. Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.

■ In the Matter of TOWN OF SOUTHOLD, Respondent, v LORNA M. CATUS et al., Appellants. [678 NYS2d 728] —In a proceeding pursuant to CPLR article 78 to compel the appellants to provide certain documents relating to the revenues of the Greenport Water Department, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated October 17, 1997, which, *inter alia,* granted the petition and awarded the petitioner counsel fees and costs.

Ordered that the judgment is affirmed, with costs.

The appellants' contention that the petitioner lacked standing or capacity to institute this proceeding is being raised for the first time on appeal and therefore we decline to reach this issue (*see, Murray v Palmer,* 229 AD2d 377).

The Supreme Court did not improvidently exercise its discretion in awarding the petitioner counsel fees and costs (*see,* Public Officers Law § 89 [4] [c]; *Matter of Moore v Catus,* 254 AD2d 360 [decided herewith]). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.