■ BRIAN L. BEAUMONT, Respondent, v MICHAEL P. SMYTH et al., Appellants, et al., Defendants. [762 NYS2d 317] —Appeal from an order of Supreme Court, Onondaga County (Carni, J.), entered September 12, 2002, which granted plaintiff's motion seeking to compel disclosure.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of plaintiff's motion seeking to compel disclosure of the Lester report and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly granted that part of plaintiff's motion seeking to compel Michael P. Smyth and Federal Express Corporation (Fed Ex) (defendants) to disclose unredacted copies of two documents prepared by Fed Ex, i.e., the "View Employee Accident Report" and the "Vehicle Accident Report." "[T]here must be full disclosure of accident reports prepared in the ordinary course of business that were motivated at least in part by a business concern other than preparation for litigation" (*Calkins v Perry,* 168 AD2d 999, 999 [1990]; *see Tenebruso v Toys "R" Us—NYTEX, Inc.,* 256 AD2d 1236, 1237-1238 [1998]; *Blakesley v State of New York,* 244 AD2d 947 [1997]; *Wylie v Consolidated Rail Corp.,* 198 AD2d 884, 885 [1993]; *see also* CPLR 3101 [g]). The exception to that rule,

authorizing redaction of reports to prevent disclosure of the " 'mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation' " (*Blakesley,* 244 AD2d at 947-948) is inapplicable here. The information redacted by defendants included factual material, and any conclusions or opinions therein did not concern the litigation (*Blakesley,* 244 AD2d at 947; *Wylie,* 198 AD2d at 885).

We conclude, however, that the court erred in granting that part of plaintiff's motion seeking to compel disclosure of the "Lester report." Upon our in camera review of that report, we conclude that it was not "prepared in the regular course of business operations or practices of" Fed Ex (CPLR 3101 [g]), but rather was "prepared in anticipation of litigation or for trial" (3101 [d] [2]). Materials "produced solely in connection with the report of an accident to a liability insurance carrier or to an attorney with respect to plaintiff's claim" are not discoverable under CPLR 3101 (g), but rather are conditionally immunized from discovery under CPLR 3101 (d) (2) (*Recant v Harwood,* 222 AD2d 372, 373-374 [1995]; *see Hannold v First Baptist Church,* 254 AD2d 746, 747 [1998]; *Sullivan v Smith,* 198 AD2d 749 [1993]; *Vernet v Gilbert,* 90 AD2d 846, 846-847 [1982]). We note, however, that the photographs reproduced in the Lester report are discoverable in their original form.

We therefore modify the order by denying that part of plaintiff's motion seeking to compel disclosure of the Lester report, and otherwise affirm. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.