■ GEORGE SIGELAKIS, Respondent, v WASHINGTON GROUP, LLC, Appellant, et al., Defendants. [848 NYS2d 272]—

In an action to recover damages for personal injuries, the defendant Washington Group, LLC, appeals from an order of the Supreme Court, Kings County (Silverman, J.), dated October 5, 2006, which, after an in camera inspection, granted that branch of the plaintiff's motion which was to compel disclosure of a three-page handwritten statement of its employee.

Ordered that the order is affirmed, without costs or disbursements.

Accident reports made in the regular course of business, by uninsured or self-insured entities, are generally not privileged from disclosure (*see James v Metro N. Commuter R.R.*, 166 AD2d 266, 268 [1990]), so long as they are not prepared for the sole purpose of litigation (*see McKie v Taylor*, 146 AD2d 921 [1989]; *Crazytown Furniture v Brooklyn Union Gas Co.*, 145 AD2d 402 [1988]). Moreover, when statements are given to a liability insurer's claims department as part of an internal investigation or for internal business purposes, as well as for defense purposes, they are not immune from discovery as material prepared solely in anticipation of litigation (*see Meiliken v Hart*, 261 AD2d 370 [1999]; *Agovino v Taco Bell 5083*, 225 AD2d 569, 571 [1996]; *Wylie v Consolidated Rail Corp.*, 198 AD2d 884 [1993]). The burden of proving that a statement is privileged as material prepared solely in anticipation of litigation or trial is on the party opposing discovery (*see Agovino v Taco Bell 5083*, 225 AD2d at 571; *Crazytown Furniture v Brooklyn Union Gas Co.*, 145 AD2d at 402; *Matos v Akram & Jamal Meat Corp.*, 99 AD2d 527 [1984]).

In this case, the appellant refused to provide the plaintiff with a three-page handwritten statement given by its employee to its insurer's claims adjuster on the ground that it was pre-

pared in anticipation of litigation (see CPLR 3101 [d] [2]). The conclusory assertions contained in the affirmation of the appellant's attorney failed to demonstrate that the statement was not prepared in the regular course of business, but was prepared solely in anticipation of litigation (see *Meiliken v Hart*, 261 AD2d 370 [1999]; *Galyas v Giordano*, 241 AD2d 539 [1997]; *Agovino v Taco Bell 5083*, 225 AD2d 569, 570 [1996]). Accordingly, the Supreme Court properly granted the plaintiff's motion to compel disclosure, and properly directed the appellant to disclose the handwritten statement to the plaintiff. Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.