MICHAEL FERDICO et al., Respondents, v SYLVANA PABONE, Appellant. [4 NYS3d 88]—

In an action, inter alia, to set aside a deed on the ground of fraud, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), entered December 20, 2013, as denied her motion pursuant to CPLR 3211 (a) to dismiss the amended complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it was barred by the applicable statute of limitations, the moving party must establish, prima facie, that the time in which to commence the action so as to interpose that cause of action has expired (*see Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]; *LaRocca v DeRicco*, 39 AD3d 486, 486-487 [2007]). "The burden then shifts to the nonmoving party to raise an issue of fact as to the applicability of an exception to the statute of limitations, or as to whether the statute of limitations was tolled or the cause of action was interposed within the applicable limitations period" (*Benjamin*

*v Keyspan Corp.*, 104 AD3d 891, 892 [2013] [citations omitted]; *see Baptiste v Harding-Marin*, 88 AD3d at 753). "[A] fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or 'could with reasonable diligence have discovered it,'" whichever is later (*Sargiss v Magarelli*, 12 NY3d 527, 532 [2009], quoting CPLR 213 [8]).

Here, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the second cause of action, which was to set aside the deed on the ground of fraud. The amended complaint, as amplified by the affidavit of the plaintiff Enrico Ferdico, alleged that the plaintiffs discovered the alleged fraud on August 13, 2012. This action was commenced on August 20, 2012. The defendant failed to establish, prima facie, that the alleged fraud could have been discovered by the plaintiffs earlier with reasonable diligence (*see Vilsack v Meyer*, 96 AD3d 827, 828 [2012]).

The defendant's contention that the amended complaint should be dismissed on the ground that the plaintiffs lacked both standing and capacity to sue is raised for the first time on appeal and, thus, is not properly before this Court (*see Matter of Smiler v Board of Educ.*, 15 AD3d 409, 410 [2005]; *Matter of John E. Andrus Mem. Home v DeBuono*, 260 AD2d 635, 637 [1999]; *Matter of Town of Southold v Catus*, 254 AD2d 363 [1998]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.