■ Ricardo Ligoure, Respondent, v City of New York et al., Appellants, et al., Defendant. [9 NYS3d 678]—

In an action to recover damages for personal injuries, the defendants City of New York, New York City Economic Development Corporation, Turner Construction Company, Rite-Way Demolition, Inc., and Rite-Way Internal Removal, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated February 27, 2014, as denied that branch of their motion which was pur-

suant to CPLR 3103 for a protective order preventing the disclosure of certain witness statements and certain investigation and inspection reports.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3101 (a) mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action." Unlimited disclosure is not mandated, however, and a court may issue a protective order pursuant to CPLR 3103 denying, limiting, conditioning or regulating the use of any disclosure device "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]; *see Nimkoff v Central Park Plaza Assoc., LLC*, 123 AD3d 679, 680-681 [2014]; *Diaz v City of New York*, 117 AD3d 777 [2014]; *County of Suffolk v Long Is. Power Auth.*, 100 AD3d 944, 946 [2012]). "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Mattocks v White Motor Corp.*, 258 AD2d 628, 629 [1999] [citation omitted]; *see Daniels v City of New York*, 117 AD3d 981 [2014]; *Montalvo v CVS Pharm., Inc.*, 102 AD3d 842, 843 [2013]).

In support of that branch of their motion which was pursuant to CPLR 3103 for a protective order preventing the disclosure of certain witness statements and certain investigation and inspection reports, the appellants contended that such evidence was privileged as it was prepared in anticipation of litigation (*see* CPLR 3101 [d] [2]). "The burden of proving that a statement is privileged as material prepared solely in anticipation of litigation or trial is on the party opposing discovery" (*Sigelakis v Washington Group, LLC*, 46 AD3d 800, 800 [2007]; *see Koump v Smith*, 25 NY2d 287, 294 [1969]; *Bombard v Amica Mut. Ins. Co.*, 11 AD3d 647, 648 [2004]). Such burden is met "by identifying the particular material with respect to which the privilege is asserted and establishing with specificity that the material was prepared exclusively in anticipation of litigation" (*Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 566 [2012]; *see Geffner v Mercy Med. Ctr.*, 125 AD3d 802 [2015]; *New York Schools Ins. Reciprocal v Milburn Sales Co., Inc.*, 105 AD3d 716 [2013]; *Crazytown Furniture v Brooklyn Union Gas Co.*, 145 AD2d 402 [1988]).

Here, the appellants failed to meet their burden of establishing that the requested material was prepared solely in anticipation of litigation and, therefore, is protected from disclosure by

the qualified immunity privilege of CPLR 3101 (d) (2). An attorney's affirmation containing conclusory assertions that requested materials are conditionally immune from disclosure pursuant to CPLR 3101 (d) (2) as material prepared in anticipation of litigation, without more, is insufficient to sustain a party's burden of demonstrating that the materials were prepared exclusively for litigation (*see Koump v Smith*, 25 NY2d 287 [1969]; *New York Schools Ins. Reciprocal v Milburn Sales Co., Inc.*, 105 AD3d at 718).

Accordingly, the Supreme Court properly denied the subject branch of the appellants' motion. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.