■ MALOU MANANGHAYA, as Administratrix of the Estate of TRISTAN MICHAEL MANANGHAYA, Deceased, et al., Plaintiffs, v BRONX-LEBANON HOSPITAL CENTER et al., Defendants. NAPOLI

TRANSPORTATION, INC., Doing Business as C&L TOWING SER-
VICES INC., Third-Party Plaintiff-Appellant, v AGGREKO, LLC,
Third-Party Defendant-Respondent. (And Another Third-Party
Action.) [47 NYS3d 282]—

Order, Supreme Court, Bronx County (Betty Owen Stinson,
J.), entered November 19, 2015, which, insofar as appealed
from, denied defendant/third-party plaintiff Napoli Transporta-
tion Inc.'s cross motion to compel third-party defendant Ag-
greko, LLC to respond to its discovery requests numbered 1-3,
5-9, 16-18, 20, 28-40, and 43-49, unanimously modified, on the
facts and in the exercise of discretion, to grant the motion as to
certain documents responsive to requests 8, 32, 37, 43, and 45,
in accordance herewith, and otherwise affirmed, without costs.

This negligence action arises from the death of Tristan
Michael Mananghaya when a 400-ton industrial air cooling
unit (chiller) fell on him. At the time of the accident, the
decedent was employed by third-party defendant Aggreko, LLC
(Aggreko), a chiller-rental company retained by defendant
Bronx Lebanon Hospital Center (Bronx Lebanon) to decommis-
sion and remove the chiller, which it had previously installed.
Aggreko retained Napoli Transportation, Inc. (Napoli), a tow-
ing company, to hoist the trailer on which the chiller sat so
that materials placed beneath the trailer to level it could be
removed.

The motion court did not improvidently exercise its discre-
tion in denying the cross motion to compel as to requests 1-3,
5-7, 9, 16-18, 20, 28-31, 33-36, 38-40, 44, and 46-49. These
requests were either irrelevant, overbroad, or sought material
already produced. However, in view of the liberal discovery
standard, the motion court should have granted Napoli's mo-
tion as to certain additional, narrow categories of documents
(CPLR 3101; *Osowski v AMEC Constr. Mgt., Inc.*, 69 AD3d 99,
106 [1st Dept 2009]).

With respect to Request 8, the motion court ordered Aggreko
to produce "bills of lading and communications with Napoli"
regarding *delivery* of the chiller in June 2012. It should also
have ordered Aggreko to produce bills of lading and com-
munications with Napoli regarding *removal* of the chiller in
December 2012, as this is when the subject accident occurred.

Additionally, the motion court should have ordered Aggreko
to produce, in response to Request 32, the manufacturer operat-
ing instructions in effect in 2012 for the chiller at issue, which

provided guidance regarding chiller placement, and were expressly referenced in the deposition of Aggreko employee Marlin Mowrey.

In response to Request 37, the motion court should have ordered Aggreko to produce the written job description (of the type described by Mowrey at his deposition) for the role of flagman—assuming any such document exists. This job description is likely to be relevant because the decedent was assigned to act as flagman at the time of his death.

Request 43 concerns the investigative file prepared by Aggreko in connection with the subject accident. Aggreko has withheld the bulk of this file, with the exception of an incident report and photographs, as privileged. But Aggreko has not met its burden of establishing the file's entitlement to protection either by the attorney-client privilege or CPLR 3101 (d) (2)'s conditional privilege for trial preparation materials (*see Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 624 [2016]; *Ligoure v City of New York*, 128 AD3d 1027, 1028-1029 [2d Dept 2015]). Aggreko has not indicated the nature of the documents withheld, the circumstances and timing of their preparation, or even the identity of the attorney allegedly involved in their preparation. Because an attorney's "conclusory assertions," without more, are insufficient to sustain the party's burden (*Ligoure*, 128 AD3d at 1029), the motion court should have ordered Aggreko to produce its investigative file concerning the accident—at least to the extent it includes documents predating the instant litigation.

Finally, the motion court should have ordered Aggreko to produce, in response to request 45, specifications for all trailers owned by Aggreko and available at its facility in East Linden, New Jersey in December 2012 that were capable of supporting the subject chiller. Such specifications are potentially relevant to whether a different trailer could have been used that would not have had to be hoisted. Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.