Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered December 7, 2016. The order granted the motion of plaintiff to compel disclosure, and denied the cross motion of defendant Allstate Indemnity Company for a protective order.
 

 It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking to compel disclosure and granting those parts of the cross motion seeking a protective order with respect to the legal opinion of the outside counsel of defendant Allstate Indemnity Company and the pre-disclaimer claim notes related thereto, and with respect to the claim notes containing defendant Allstate Indemnity Company’s reserve information, and by denying that part of the motion seeking to compel disclosure of the claim investigation manual, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff, individually and on behalf of her daughter (hereafter, infant), commenced this action seeking damages for injuries sustained by the infant in July 2010, when she was injured as a result of being accidentally shot with a gun that was owned by her father, defendant Louis Territo (father). Plaintiff previously filed a claim on the infant’s behalf with Allstate Indemnity Company (defendant) pursuant to a homeowner’s insurance policy issued to the father. Defendant disclaimed coverage on the ground that the policy excluded coverage for “bodily injury” to an “insured person,” and that the infant was an “insured person” because she was a relative of the policyholder, her father, and a “resident” of his household. Plaintiff alleged in the amended complaint that the infant’s injuries were caused by the father’s negligence and, pursuant to the terms of the insurance policy, defendant had agreed to indemnify the father for bodily injury. Thereafter, plaintiff moved to compel disclosure of defendant’s entire claim file, including a legal opinion prepared by defendant’s outside counsel and a claim investigation manual prepared by defendant’s employees. Defendant cross-moved for a protective order preventing disclosure of, inter alia, pre-disclaimer claim notes containing statements made by the father, the legal opinion of outside counsel and pre-disclaimer claim notes related thereto, pre-disclaimer claim notes containing information about defendant’s reserves, and the claim investigation manual. Supreme Court granted plaintiff’s motion to compel in its entirety, and denied defendant’s cross motion.
 

 Contrary to defendant’s contention, the court properly ordered disclosure of pre-disclaimer claim notes containing statements made by the father. It is well settled that “there must be full disclosure of accident reports prepared in the ordinary course of business that were motivated at least in part by a business concern other than preparation for litigation” (Calkins v Perry, 168 AD2d 999, 999 [4th Dept 1990]; see Beaumont v Smyth, 306 AD2d 921, 921 [4th Dept 2003]). Here, the father made his statements to defendant’s investigators before defendant made the decision to disclaim, and there is no dispute that defendant’s employees relied on those statements in making that decision.
 

 We agree with defendant, however, that the court abused its discretion in granting that part of plaintiff’s motion seeking disclosure of the legal opinion of outside counsel and pre-disclaimer claim notes related thereto and denying that part of defendant’s cross motion seeking a protective order with respect to those items, and we therefore modify the order accordingly. Although reports prepared in the regular course of business are discoverable (see Lalka v ACA Ins. Co., 128 AD3d 1508, 1508-1509 [4th Dept 2015]), documents prepared by an attorney that are “primarily and predominantly of a legal character,” and made to furnish legal services, are absolutely privileged and not discoverable, regardless of whether there was pending litigation at the time they were prepared (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 379 [1991]; see VGFC Realty II, LLC v D'Angelo, 114 AD3d 765, 766 [2d Dept 2014]). We therefore conclude that the legal opinion and the related claim notes are absolutely privileged, and thus a protective order should have been granted in that regard.
 

 We also agree with defendant that the court abused its discretion in granting that part of plaintiff’s motion seeking disclosure of defendant’s reserve information and denying that part of defendant’s cross motion with respect thereto inasmuch as that information is not “material and necessary” to the action (CPLR 3101 [a]; see 40 Rector Holdings, LLC v Travelers Indem. Co., 40 AD3d 482, 482-483 [1st Dept 2007]). We therefore further modify the order accordingly.
 

 We conclude that the court abused its discretion in granting that part of plaintiff’s motion seeking disclosure of defendant’s claim investigation manual and denying that part of defendant’s cross motion with respect thereto without first conducting an in camera review. As the moving party, plaintiff had the burden of demonstrating that “the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims” (Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421 [2d Dept 1989]; see Quinones v 9 E. 69th St., LLC, 132 AD3d 750, 750 [2d Dept 2015]). Inasmuch as the employee of defendant who made the ultimate decision to disclaim testified that the manual did not contain a definition of “resident,” the court should have reviewed the manual in camera to determine whether it contained information material and relevant to the issues to be decided in the action (see generally Barnes v Habuda, 118 AD3d 1443, 1444 [4th Dept 2014]). We therefore further modify the order accordingly, and we remit the matter to Supreme Court to determine those parts of the motion and cross motion following an in camera review of the claim investigation manual.
 

 Present—Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.