De Guaman v American Hope Group (2018 NY Slip Op 05444)





De Guaman v American Hope Group


2018 NY Slip Op 05444


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-04651
 (Index No. 700873/15)

[*1]Angelita Chimbay De Guaman, etc., et al., respondents, 
v
American Hope Group, defendant, Donado Law Firm, A Professional Corporation, appellant.


Winget Spadafora & Schwartzberg, LLP, New York, NY (Matthew Tracy of counsel), for appellant.
Peter M. Zirbes, Forest Hills, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Donado Law Firm, A Professional Corporation, appeals from an order of the Supreme Court, Queens County (Carmen B. Velasquez, J.), dated April 6, 2016. The order denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiffs, who are the owners of real properties in Queens, allegedly gave mortgages on their respective real properties to nonparties, and subsequently became delinquent in making payments on the debts associated with those mortgages. The plaintiffs allegedly responded to advertisements by the defendants American Hope Group and Donado Law Firm, A Professional Corporation (hereinafter Donado Law), which offered to provide consulting services to obtain loan modifications, including a reduction of the principal balance and interest rates on the loans. The plaintiffs thereafter allegedly entered into written contracts with the defendants to receive consulting services in exchange for an upfront fee and monthly installment payments.
The plaintiffs commenced the instant action alleging violations of Real Property Law § 265-b and General Business Law § 349, as well as breach of contract, fraud, and fraudulent inducement. Donado Law moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. The Supreme Court denied the motion, and Donado Law appeals.
We agree with the Supreme Court's denial of that branch of Donado Law's motion which was to dismiss the cause of action alleging violation of Real Property Law § 265-b. That statute governs the provision of consulting services by "distressed property consultants," but exempts from its reach "an attorney admitted to practice in the state of New York when the attorney is directly providing consulting services to a homeowner in the course of his or her regular legal practice" (Real Property Law § 265-b[1][e][i]). Here, contrary to Donado Law's contention, the plaintiffs adequately alleged facts from which it could be inferred that Donado Law did not directly provide consulting services to them in the course of its regular legal practice. Among other things, the [*2]plaintiffs alleged that they never met with attorneys from Donado Law.
We also agree with the Supreme Court's denial of that branch of Donado Law's motion which was to dismiss the cause of action alleging violation of General Business Law § 349. That statute prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" (General Business Law § 349[a]). "[A]s a threshold matter, plaintiffs claiming the benefit of [the statute] . . . must charge conduct of the defendant that is consumer-oriented" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25; see Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 344). "Private contract disputes, unique to the parties," do not "fall within the ambit of the statute" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25). Here, contrary to Donado Law's contention, in contrast to a private contract dispute, the practices alleged by the plaintiffs were not unique to these parties and "involved an extensive marketing scheme that had a broader impact on consumers at large'" (Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d at 344, quoting Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25).
The plaintiffs also stated a cause of action alleging breach of contract. To recover damages for breach of contract, plaintiffs must demonstrate "the existence of a contract, [their] performance pursuant to that contract, the defendants' breach of their obligations pursuant to the contract, and damages resulting from that breach" (Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127). Here, the plaintiffs alleged all of these essential elements, including that Donado Law breached its obligations pursuant to the contract by failing to provide promised services, such as performing audits and submitting a complete loan modification package to the lenders.
Contrary to Donado Law's contention, the complaint pleaded causes of action sounding in fraud and fraudulent inducement with sufficient particularity (see CPLR 3016), and which were not duplicative of the breach of contract cause of action (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956; Sabo v Delman, 3 NY2d 155, 160; Neckles Blders., Inc. v Turner, 117 AD3d 923, 925-926).
Donado Law's remaining contentions, raised for the first time on appeal, are not properly before this Court (see R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864; Ferdico v Pabone, 125 AD3d 718).
Accordingly, we agree with the Supreme Court's denial of Donado Law's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court