People v New York City Hous. Auth. (2019 NY Slip Op 01436)





People v New York City Hous. Auth.


2019 NY Slip Op 01436


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2017-08544
 (Index No. 11912/14)
[*1]Rufino Peralta, et al., respondents, v
v
New York City
Housing Authority, appellant.
 
 
Herzfeld & Rubin, P.C., New York, NY (Linda M. Brown of counsel), for appellant.
Gary A. Zucker & Associates, P.C., Brooklyn, NY (Daniel B. Rubin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 5, 2017. The order, insofar as appealed from, (1) denied that branch of the defendant's motion which was pursuant to CPLR 3104(d) to vacate so much of an order of the same court (Martin Schneier, J.H.O), dated March 23, 2017, as granted that branch of the plaintiffs' prior motion which was to compel the defendant to produce certain discovery requested in items 1 and 2 of the plaintiffs' notice of discovery and inspection, and (2) granted the plaintiffs' cross motion pursuant to CPLR 3126 to strike the defendant's answer to the extent of conditionally striking the defendant's answer unless it provided the plaintiffs with the discovery requested in items 1 and 2 of the plaintiffs' notice of discovery and inspection by August 1, 2017.
ORDERED that the order dated July 5, 2017, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the defendant's motion which was to vacate so much of the order dated March 23, 2017, as granted that branch of the plaintiffs' prior motion which was to compel the defendant to produce certain discovery requested in item 1 of the plaintiffs' notice of discovery and inspection, and substituting therefor a provision granting that branch of the defendant's motion, (2) by deleting the provision thereof which conditioned the striking of the defendant's answer upon it providing the plaintiffs with the discovery requested in item 1 of the plaintiff's notice of discovery and inspection, and (3) by deleting the provision thereof setting August 1, 2017, as the deadline for the defendant to comply with the remaining portion of the March 23, 2017, order which relates to the discovery requested in item 2; as so modified, the order dated July 5, 2017, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the defendant's time to comply with the order dated March 23, 2017, with regard to item 2 of the plaintiffs' notice of discovery and inspection is extended to 30 days from the date of service upon it of a copy of this decision and order with notice of entry thereon.
In August 2014, the plaintiffs commenced this action against the defendant to recover damages for personal injuries arising out of a fire that occurred in unit 4D at 75 Bush Street in Brooklyn (hereinafter the subject property). The subject property was owned by the defendant. In [*2]an order dated March 23, 2017, the Judicial Hearing Officer (hereinafter JHO) assigned to supervise discovery in the action, inter alia, granted that branch of a motion by the plaintiffs which was to compel the defendant to produce certain discovery requested in items 1 and 2 of the plaintiffs' notice of discovery and inspection by a specified date. The JHO determined that the defendant had failed to comply with a prior discovery order dated February 23, 2017, directing the defendant to provide the requested materials "or an affidavit by [an] individual with personal knowledge stating as to each item that it was prepared exclusively for litigation."
The defendant promptly moved pursuant to CPLR 3104(d) to vacate the order dated March 23, 2017. The plaintiffs opposed the defendant's motion and cross-moved to strike the defendant's answer for its failure to comply with that order. By order dated July 5, 2017, the Supreme Court, inter alia, denied that branch of the defendant's motion which was to vacate so much of the order dated March 23, 2017, as directed the defendant to produce the discovery requested in items 1 and 2 of the plaintiffs' notice of discovery and inspection, and granted the plaintiffs' cross motion pursuant to CPLR 3126 to strike the defendant's answer to the extent of conditionally striking the answer unless the defendant provided the plaintiffs with the discovery requested in items 1 and 2 of the plaintiffs' notice of discovery and inspection by August 1, 2017. The defendant appeals.
As a threshold matter, the plaintiffs no longer oppose the vacatur of so much of the order dated March 23, 2017, as directed the defendant to produce the discovery requested in item 1 of the plaintiffs' notice of discovery and inspection. Since the plaintiffs have abandoned their pursuit of item 1, we grant that branch of the defendant's motion which was to vacate so much of the order dated March 23, 2017, as directed the defendant to produce the information requested therein, and delete the provision which conditioned the striking of the defendant's answer upon the defendant providing the plaintiffs with the discovery requested in item 1.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to vacate so much of the order dated March 23, 2017, as directed the defendant to produce the discovery requested in item 2 of the plaintiffs' notice of discovery and inspection. Item 2 sought "any origin and cause reports, engineering reports, investigation notes, witness statements, investigation reports, and photographs of the apartment in the possession of the defendant or its investigators." In response to the plaintiffs' notice of discovery and inspection, the defendant submitted the affidavit of an attorney, in which the attorney merely stated that "[a]ll of the investigation notes, witness statements, investigation reports and photographs that were taken of the fire apartment were taken under [his] direction and control, were prepared in anticipation of litigation and consist of privileged, attorney work product." The defendant further submitted an affidavit of its property manager, who averred that "[t]he NYC Fire Department takes custody of the apartment when the fire occurs," that "[a]ny subsequent investigation work is performed at the direction of [the defendant's] attorneys," and that "[the defendant] did not perform any investigation regarding the fire that occurred . . . that was separate from any investigation performed by [the defendant's] attorneys."
The general rule is that there shall be "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101[a]). However, materials prepared in anticipation of litigation or for trial may be obtained only upon a showing that the party seeking discovery has "substantial need" for the materials and is unable to obtain the information through other means without "undue hardship" (CPLR 3101[d][2]). " The burden of proving that a statement is privileged as material prepared solely in anticipation of litigation or trial is on the party opposing discovery'" (Ligoure v City of New York, 128 AD3d 1027, 1028, quoting Sigelakis v Washington Group, LLC, 46 AD3d 800, 800; see Kin Hwa Ku v City of New York, 106 AD3d 698, 699; Agovino v Taco Bell 5083, 225 AD2d 569, 571). "More particularly, the party asserting the privilege . . . bears the burden of . . . identifying the particular material with respect to which the privilege is asserted and establishing with specificity that the material was prepared exclusively in anticipation of litigation'" (New York Schools Ins. Reciprocal v Milburn Sales Co., Inc., 105 AD3d 716, 717-718, quoting Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566 [emphasis added]; see Ligoure v City of New York, 128 AD3d at 1028).
Here, the defendant's conclusory submissions fell woefully short of meeting its burden of establishing with specificity that the materials sought in item 2 were prepared exclusively in anticipation of litigation (see Geffner v Mercy Med. Ctr., 125 AD3d 802, 803; Caruso v Northeast Emergency Med. Assoc., P.C., 85 AD3d 1502, 1505; Bombard v Amica Mut. Ins. Co., 11 AD3d 647, 648). Indeed, an attorney's submission containing generalized assertions that requested documents are conditionally immune from disclosure pursuant to CPLR 3101(d)(2) as material prepared in anticipation of litigation, without more, is insufficient to sustain the movant's burden of demonstrating that the materials were prepared exclusively for litigation (see Koump v Smith, 25 NY2d 287; Ligoure v City of New York, 128 AD3d at 1029; New York Schools Ins. Reciprocal v Milburn Sales Co., Inc., 105 AD3d at 718). In the present case, neither the affidavit of the defendant's attorney nor the affidavit of its property manager identified any particular documents that were privileged or "the authors, recipients and dates on which they were prepared and the impetus for their preparation" (Claverack Coop. Ins. Co. v Nielsen, 296 AD2d 789, 790).
Since the defendant did not establish that the requested material was protected by the qualified immunity privilege set forth in CPLR 3101(d) for material prepared exclusively in anticipation of litigation, the burden did not shift to the plaintiffs to establish that they had "substantial need" for the material and could not obtain it without "undue hardship" (see New York Schools Ins. Reciprocal v Milburn Sales Co., Inc., 105 AD3d at 718).
Given the defendant's repeated failures to comply with the disclosure requests of the plaintiffs and the orders of the court with respect to item 2 of the plaintiffs' notice of discovery and inspection, and the extensive motion practice engendered by that noncompliance, the Supreme Court did not improvidently exercise its discretion in conditionally striking the defendant's answer (see generally CPLR 3126; Kihl v Pfeffer, 94 NY2d 118, 122; Brannigan v Christie Overhead Door, 144 AD3d 959, 960; Legarreta v Neal, 108 AD3d 1067, 1068-1069). Accordingly, we extend the defendant's time to produce the material demanded in item 2 of the plaintiffs' notice of discovery and inspection until 30 days after service upon it of a copy of this decision and order with notice of entry thereon.
The plaintiffs' remaining contention is not properly before this Court (see Ferdico v Pabone, 125 AD3d 718, 719).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court